1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

2  Name  HARVEY          Quillie       L.

3        (Last)            (First)          (Initial)

4  Prisoner Number ___H-28106_____

5  Institutional Address  P.O. BOX 1050, Soledad, CA 93960

6

7                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

8  Quillie L. HARVEY Jr.

9  (Enter the full name of plaintiff in this action.)      CV  08     3723

10                        vs.                   Case No. _____
                                                (To be provided by the Clerk of Court)
11  M.S. EVANS
                                               COMPLAINT UNDER THE
12                                             CIVIL RIGHTS ACT,
                                               Title 42 U.S.C § 1983
13

14
   (Enter the full name of the defendant(s) in this action)
15

16  *[All questions on this complaint form must be answered in order for your action to proceed..]*

17  I.    Exhaustion of Administrative Remedies.

18        [**Note:** You must exhaust your administrative remedies before your claim can go

19        forward. The court will dismiss any unexhausted claims.]

20        A.    Place of present confinement  SALINAS VALLEY STATE PRISON

21        B.    Is there a grievance procedure in this institution?

22                    YES ( ✓ )    NO ( )

23        C.    Did you present the facts in your complaint for review through the grievance

24              procedure?

25                    YES (✓)    NO ( )

26        D.    If your answer is YES, list the appeal number and the date and result of the

27              appeal at each level of review. If you did not pursue a certain level of appeal,

28              explain why.

   COMPLAINT                        - 1 -

1. Informal appeal _Log # SVSP d-06-03448    BY PASSed_

2. First formal level_____

3. Second formal level__DENied_____

4. Third formal level ___DENied_____

    E.    Is the last level to which you appealed the highest level of appeal available to you?

           YES ( ✓ )    NO ( )

    F.    If you did not present your claim for review through the grievance procedure, explain why._____

_____

_____

II.    Parties.

    A.    Write your name and your present address. Do the same for additional plaintiffs, if any.

           Quillie HARVEY H 28106

           P.O. BOX 1050

           SOledAd, CA. 93460

    B.    Write the full name of each defendant, his or her official position, and his or her place of employment.

           M.S. EVANS  (SAliNAS VAlley STATE PRiSoN WARdeN)

COMPLAINT           - 2 -

1  sued in His individual ; official capacities. J. D. Bennet, Lieu-

2  tenant (senior hearing officer) A. Diaz correctional officer E. Parsons correctional

3  officer all sued in their individual and official capacity

4  all was working under the color of state ; federal law

5  III.    Statement of Claim.

6        State here as briefly as possible the facts of your case.  Be sure to describe how each

7  defendant is involved and to include dates, when possible.  Do not give any legal arguments or

8  cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a

9  separate numbered paragraph.

10        See Attached statement of claims one ; Two.

11

12

13

14

15

16

17

18

19

20

21

22

23  IV.    Relief.

24        Your complaint cannot go forward unless you request specific relief.  State briefly exactly

25  what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

26     Declare that the acts and omissions described herein violated plaintiffs

27  rights under the constitution and laws of the united states, due process.

28     Enter preliminary and permanent injunctions ordering defendant

COMPLAINT                              - 3 -

1. <u>STATEMENT OF CLAIMS TO GROUND ONE : DUE PROCESS</u>

2. ON JUNE 14, 2005 PLAINTIFF WAS PLACED IN Ad. SEG. FOR POSSESSION OF A

3. WEAPON AND NARCOTICS. PLAINTIFF REQUESTED A STAFF ASSISTANT BECAUSE I NEEDED

4. HELP LOCATING MY WITNESSES. I WAS NOT ASSIGNED A ASSISTANT BUT AN INVESTIGATIVE

5. EMPLOYEE WAS ASSIGNED. I TRIED TO TELL THE INVESTIGATIVE EMPLOYEE (I.E.) THE LAST

6. NAME AND THE LAST CELL# I KNEW THEY WERE HOUSED IN. THE I.E. ASK ME FOR THEIR CDC

7. NUMBERS. I TOLD HER I DID NOT KNOW AND THAT WAS WHY I REQUESTED A STAFF ASSISTANT.

8. SHE TOLD ME SHE WOULD CALL AND SEE IF MY WITNESSES WAS IN THE SAME CELL BUT IT WAS NOT

9. HER JOB SHE WAS WORKING FOR THE SENIOR HEARING OFFICER AND NOT ME. SHE LATER CAME

10. BACK AND TOLD ME THE WITNESSES WERE NO LONGER IN THE CELLS I GAVE HER AND SHE WASN'T GOING

11. ON A SEARCH FOR THEM. I HAD A 115 HEARING AND WAS FOUND GUILTY OF POSSESSION OF A

12. WEAPON. THE HEARING WAS NOT FAIR + IMPARTIAL BECAUSE THE DENILE OF A STAFF ASSISTANT

13. DENIED ME THE OPPORTUNITY TO GATHER MY WITNESSES. MY WITNESS WOULD HAVE STATED THAT

14. THE OFFICERS WERE GOING FROM CELL TO CELL AND PLACING CONTRABAND IN ONE BIG ENVELOPE.

15. MY WITNESSES WOULD HAVE STATED THAT THE WEAPONS DID NOT COME OUT OF MY CELL. SPECIFICALLY

16. WHILE I WAS IN Ad.SEG. I WAS TAKEN TO C.T.C (MEDICAL CENTER) I SEEN ONE OF MY WITNESSES (MR. WHITE)

17. WHO WAS STILL IN GENERAL POPULATION. I SAID "YOU KNOW THEY PLANTED SOME SHIT ON US." BECAUSE THATS

18. WHAT I THOUGHT KNOWING I DIDN'T HAVE A WEAPON UNDER MY MATTRESS. MR. WHITE SAID "NO THATS NOT WHAT

19. HAPPEN. REMEMBER WHEN YOU WAS IN THE SHOWER AND YOU ASKED ME IF I SAW THAT THEY WERE PUTTING

20. EVERYTHING IN THAT BIG ENVELOPE." I SAID YEAH. HE SAID "WELL WHEN YOU GOT TOOK OFF THEY STARTED TAKING

21. THAT STUFF AND PUTTING IT IN CELLS AND TAKING PICTURES OF IT. THEY PUT THE WRONG SHIT IN YOUR

22. CELL I SEEN. ALL THAT CAME OUT OF YOUR CELL WAS SOME RAZORS THAT WEREN'T BROKE DOWN." I SAID

23. I KNOW CUZ ME & MY CELLIE SHAVE OUR HEAD WITH THOSE. HE SAID "YEAH THEY FUCKED YALL. AS A MATTER

24. OF FACT THEY THEN CAME BACK WITH THAT SAME ENVELOPE AND TOOK SOME MORE PICTURES." I ASKED

25. HIM IF HE WAS STILL IN THE SAME CELL CAUSE I WAS ALREADY CALLING HIM AS A WITNESS. HE SAID YES.

26. WHEN I GOT BACK TO MY CELL I LOOKED AT THE INCIDENT REPORT AT THE PICTURES OF THE WEAPONS

27. THE TIMES WERE NOT THE SAME THE FIRST PICTURES WERE AT 5:47 A. M. THE OTHERS WERE AT 7:49 A.M.

SEE EXHIBIT A

28.

1. STATEMENT OF CLAIMS TO GROUND TWO: DUE PROCESS, FAIR IMPARTIAL HEARING NOT

2. BECAUSE PLAINTIFF WAS DENIED A STAFF ASSISTANT I HAD TO QUESTION THE STAFF TO

3. GET THEM TO ACKNOWLEDGE THEIR MISTAKE. I ASKED DIAZ ; PARSON WEREN'T MORE OFFICERS IN

4. MY CELL THEN THEM. THEY FABRICATED THAT THERE WASN'T. THE REPORT OF OFFICER SALAO SHOWS

5. THAT HE WAS ALSO SEARCHING MY CELL. I ALSO SEEN TWO OTHER OFFICERS COME OUT OF A CELL

6. THAN GO INTO MINE. I ASKED OFFICER DIAZ IF HE SEEN OFFICER GIBBS PUT SOMETHING IN THE

7. YELLOW ENVELOPE AND TELL HIM THAT THERE WAS ALREADY SOMETHING IN THERE. HE FABRICATED THAT HE

8. DIDN'T. I PERSONALLY WATCHED DIAZ PUT THE RAZOR'S FROM OUT OF MY CELL IN THE ENVELOPE BUT I

9. COULDN'T SEE WHAT GIBBS PUT IN THE ENVELOPE WHEN I HEARD DIAZ TELL HIM THERE WAS SOMETHING

10. ALREADY IN THERE.  SEE EXHIBIT A

11.    AT THE HEARING I TOLD THE SENIOR HEARING OFFICER ABOUT MY WITNESSES AND THE

12. LACK OF A STAFF ASSISTANT. I SHOWED HIM THE PICTURES WHICH CONTRADICTED DIAZ STATE-

13. MENT THAT THE CONTRABAND WAS PHOTOGRAPHED IN THEIR ORIGINAL PLACE. I THEN SHOWED HIM

14. THE REPORTS THAT CONTRADICTED WHAT OFFICER DIAZ ; PARSON SAID WHEN I QUESTIONED THEM.

15. THE SENIOR HEARING OFFICER BENNET SAID THAT THERE WAS SOMETHING WRONG WITH THEIR STATE-

16. MENTS. I ASKED HIM IF YOU KNOW THAT THEY'VE BEEN UNTRUTHFUL IN ; AT LEAST WHAT IM POINTING OUT

17. HOW CAN YOU FIND ME GUILTY OF ANYTHING BASED ON THEIR REPORTS. THE REPORTS YOU SAID DON'T SIT WELL

18. WITH YOU? HE DID NOT HAVE A RESPONSE AND FOUND ME GUILTY OF THE WEAPON AND THE NARCOTICS CHARGE

19. WAS DROPPED. DENYING ME A FAIR ; IMPARTIAL HEARING.

20.    ON JULY 30, 2007 I WENT TO A PAROLE HEARING AND WAS DENIED PAROLE FOR 5 YEARS.

21. THE 115 WAS USED TO SHOW THAT I WAS A THREAT TO SOCIETY. THE BOARD OF PAROLE HEARINGS HAD

22. PREVIOUSLY RECOMMENDED THAT I STAY DISCIPLINARY FREE FOR A SUBSTANTIAL AMOUNT OF TIME.

23. SEE EXHIBIT B WHICH ARE EXCERPTS OF MY BOARD OF PAROLE HEARING.

24.

25.

26.

27.

28.

1  M.S. EVANS OR HIS SUCCESSORS TO DISMISS THE RULE VIOLATION AND REMOVE ANY

2  MENTION OF IT OUT OF PLAINTIFFS C-FILE.

3      AWARD COMPENSATORY DAMAGES IN THE AMOUNT OF $550. FOR

4  FILING FEE AGAINST DEFENDER M.S. EVANS. A. DIAZ

5      I declare under penalty of perjury that the foregoing is true and correct.

6

7  Signed this ___ day of ___, 20___

8

9

10                              (Plaintiff's signature)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                    - 4 -

# Exhibit



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    APR 0 4 2007

In re:    Harvey, H-28106
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0608282          Local Log No.: SVSP 06-03448

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #S06-03-0033R, dated June 14, 2005, for Possession of a Deadly Weapon/Possession of Controlled Substance. It is the appellant's position that his due process rights were violated in that he did not receive a copy of the note, used as probable cause for the cell searches upon which the contraband was discovered and the institution disregarded the Classification Staff Representative's (CSR) deferral order. He requests that the RVR be dismissed.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant was not afforded due process as a time constraint violation occurred in the issuance of the initial copy of the RVR. The issue regarding the identity of the witnesses requested by the appellant was addressed in the Second Level of Review (SLR). The appellant was unable to provide proper identification for the witnesses he requested. The appellant was provided a CDC Form 1030, Confidential Information Disclosure Form, dated June 2, 2006, to safely disclose the information included in the anonymous note to staff. The finding of guilt was based on the written report and the preponderance of evidence presented to the Senior Hearing Officer (SHO) during the hearing.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.   FINDINGS:** The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. There is no evidence that supports the appellant's contentions that the evidence presented at the hearing does not support the charge or the guilty finding. The appellant provided no additional evidence to mitigate or warrant a different finding by the SHO.

   The appellant was issued a CDC Form 1030 that included as much information as possible to afford him with the reason his cell was searched even though departmental policy allows for unannounced searches in order to ensure institutional safety and security or when there is substantial reason to believe contraband is present. Therefore, the appellant's argument that the RVR should be dismissed because the CSR's wishes were not carried out is, rejected at the DLR. The CSR's directions in the CDC Form 128-G, Classification Chrono, dated January 4, 2006, are duly noted. However, the institution could not evaluate the credibility of the information included in the anonymous note unless they acted upon it, which they did. The information proved to be reliable as a deadly weapon was located under the appellant's mattress, and another weapon was discovered along with heroin and tobacco on the lower bunk. This search fixed responsibility for the contraband upon the appellant and his cell partner. The institution is required by law to enforce departmental policies. In this matter the institution has fulfilled their lawful duty pursuant to the California Code of Regulations, Title 15 (CCR), Section 3287. The CCR 3287(a)(1) requires that "Occupied cells, rooms and dormitory areas, including fixtures and lockers, and any personal and state-issued property of the occupant will be inspected on an infrequent and unscheduled basis. More frequent inspections will be conducted in specialized housing units, depending upon the security requirements of the unit and the risk an individual inmate presents to that security." (2) "Cell and property inspections are necessary in order to detect and control serious

HARVEY, H-28106
CASE NO. 0608282
PAGE 2

contraband and to maintain institution security. Such inspections will not be used as a punitive measure nor to harass an inmate. Every reasonable precaution will be taken to avoid damage to personal property and to leave the inmate's quarters and property in good order upon completion of the inspection." (3) "An inmate's presence is not required during routine inspections of living quarters and property when the inmate is not or would not otherwise be present. During special inspections or searches initiated because the inmate is suspected of having a specific item or items of contraband in his or her quarters or property, the inmate should be permitted to observe the search when it is reasonably possible and safe to do so." (4) "The inmate will be given a written notice for any item(s) of personal and authorized state-issued property removed from his or her quarters during an inspection and the disposition made of such property. The notice will also list any contraband picked up or any breach of security noted during the inspection, and the follow-up action intended by the inspecting officer."

"(b) An inmate is subject to an inspection of his or her person, either clothed or unclothed, when there is a substantial reason to believe the inmate may have unauthorized or dangerous items concealed on his or her person, or that he or she may have been involved in an altercation of any kind. Such inspections may also be a routine requirement for inmate movement into or out of high security risk areas. Random or spot-check inspections of inmates may also be authorized by the institution head to prevent possession and movement of unauthorized or dangerous items and substances into, out of, or within the institution. Visual daily inspections of inmates shall be made to ensure compliance with departmental grooming standards. All such inspections shall be conducted in a professional manner which avoids embarrassment or indignity to the inmate. Whenever possible, unclothed body inspections of inmates shall be conducted outside the view of others."

(1) "Correctional employees, other than qualified medical staff, shall not conduct unclothed body inspections of inmates of the opposite sex except under emergency conditions with life or death consequences."

The CCR 3287 5(c) states, "Inspections of inmate cell or living areas, property, work areas, and body shall be conducted on an unannounced, random basis as directed by the institution head. Such inspections shall be conducted no more frequently than necessary to control contraband, recover missing or stolen property, or maintain proper security of the institution." (d) "A written record shall be maintained of the disposition of contraband and stolen or missing property confiscated as the result of cell, property, or body inspections."

As unfortunate as the appellant perceives this RVR to be, he was afforded the opportunity to provide an adequate defense to which he did not. The circumstances of the specific act are simple and not complex; but he was assigned an Investigative Employee. The appellant failed to properly identify witnesses to have an impact on the totality of the evidence provided to the SHO during the hearing. The appeals examiner concurs with the institution's decision in this matter.

**B.   BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3287, 3315, 3320, 3321, 3323

   **C.   ORDER:**   No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, SVSP
        Appeals Coordinator, SVSP

CDW/Medina

Location: Institution/Parole Region    Log No.    Category

ATE/PAROLEE
EAL FORM
(12/87)

1. SVSP d    1. O6·O348    1

2. _____    2. _____

ay appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification
ttee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff
er, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting
ents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken
ng the appeals procedure responsibly.

RVR    SO6-07-0033R

2 HARVEY, Quillie    NUMBER H-28106    ASSIGNMENT · · · · '    UNIT/ROOM NUMBER D-9-111

cribe Problem: ON 11-8-06 I RECEIVED MY FINAL COPY TO RVR-SO6-03-0033R. I AM APPEALING THIS
ING OF GUILT. FIRST, ALL SUPPORTING DOCUMENTS WILL BE NUMBERED. THROUGHOUT THIS APPEAL THEY
BE REFERRED AS (S.D.) AND THEIR NUMBER WILL FOLLOW. THE ORIGINAL RVR WAS DEFERRED AND C.S.R.
MMENDED A REISSUE/REHEARING, AND STATED IN PART "IF THIS INFORMATION WAS ANONYMOUS INFORMA-
: WHAT MADE IT CREDIBLE, THAT IT RESULTED IN A SIMULTANEOUS SEARCH OF FIVE CELLS, AND NEEDS TO BE
'LOSED TO THE INMATE." (S.D. 3) I WAS GIVEN A 1030 THAT AN ANONYMOUS NOTE WAS RECEIVED. I WAS
GIVEN A COPY OF THIS NOTE OR TOLD THE CREDIBILITY. (S.D. 4) ON 6-14-05 I.S.U. EXTRACTED ME FROM MY
WITHOUT FORCE AT 5:00 A.M. I WAS THEN PLACED IN THE SHOWER WHILE I.S.U. WENT TO SEARCH MY CELL
SEE ATTACHMENT

need more space, attach one additional sheet.

ion Requested: I REQUEST THAT THIS 115 BE DISMISSED.

REC'D NOV 0 9 2006

/Parolee Signature: Quillie Harvey    Date Submitted: 11-8-06

ORMAL LEVEL (Date Received: _____ )

esponse: _____

_____

BYPASS

_____

ignature: _____    Date Returned to Inmate: _____

RMAL LEVEL

are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and
t to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

BYPASS

ure: _____    Date Submitted: _____

Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
of Control form BC-1E, Inmate Claim

(14)

# ATTACHMENT

and other inmates that they had pulled out of their cell. I watched as different officers went from cell to cell. There was a big yellow envelope marked evidence sitting on the table. I watched Diaz put 4 unbroken down razors from out of my cell into it. An hour later Gibbs was placin something inside the envelope. Diaz told him theres already something in there. He still left whatever it was there. All the I.S.U. members were placin stuff in that envelope. I.S.U.'s reports were written as if these searches were done professionally. When I tried to get them to admit they werent they lied to the I.E. (S.D. 52 & 48) Diaz says only two officers searched my cell. I personally seen Gibbs & De los Santos searchin my cell. De los Santos never wrote a report about her searches but (S.D. 47) shows she was searching my cell too. Further (S.D. 29) show Salao was also searching my cell. The pictures clearly show that the contraband was not photographed in their original position. Diaz further lies when questioned on (S.D. 47) he acts as if he knows nothing about the dayroom incident when (S.D. 46) clearly shows he did. The S.H.O. claims that this was sent to the D.A. when (S.D. 52) shows it wasnt. If I would have gotten a timely hearing my witnesses would of still been in C-6-105 and would have told the I.E. exactly what happen during them searches and that the only thing that came out of my cell were razors that me and my cellie used to shave our heads. I.S.U. assessment of what they found and how it was found and how the searches were done clearly has been misstated therefore the 115 and reports are not credible. So much time lapse that my witness transfered denying me a fair & impartial hearing. D.O.M. 54100.18.2 The S.H.O. said because I didnt provide CDC numbers it did not matter. C.C.R. 15. 3315(d) An I.E. shall be assigned when a "the housing status makes it unlikely the charged inmate can collect and present the evidence necessary for an adequate presentation of a defense." It was not my fault that C.S.R. recommendation was on 1-4-06 and C. Noll waited to follow it until 3-6-06 (S.D. 3 & 45), thats what prevented the I.E. from being able to question the witnesses. With all of the above mentioned and C.S.R.'s recommendation of C. Noll not being carried out there was no preponderance of evidence to find me guilty.

*Phillip Harvey* (signature)

(15)

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date: December 12, 2006

To:    Inmate Harvey, H-28106, C2-131
       Salinas Valley State Prison

Subject: **SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-06-03448**

<u>ISSUE</u>:

The appellant is submitting this appeal relative to a Reissue/Rehear CDC Form 115, Rules Violation Report (RVR), Log # S06-03-0033R, dated 3/3/06 for "Possession of a Deadly Weapon/Possession of a Controlled Substance."

The appellant insinuates misconduct by the Investigative Services Unit staff who conducted the cell search. The appellant states the Investigative Employee report is insufficient due to the length of time associated with the Reissue/Rehear.

The appellant requests the Rules Violation Report (RVR) be dismissed.

<u>SUMMARY OF INVESTIGATION</u>:

The First Level of Review was bypassed per CCR 3084.5(b). Eloy Medina, Appeals Coordinator, was assigned to investigate this appeal at the Second Level of Review. The appellant was interviewed on December 20, 2006 by Eloy Medina.

In accordance with the CCR §3084.5 (h) Disciplinary Appeals; the RVR and supporting documentation is reviewed for procedural or due process requirements. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented by the appellant and evaluated in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM).

The discovery date of the RVR was 3/3/06. Appellant received his copy of the RVR on 3/22/06, which was not within fifteen (15) days of the discovery.

The RVR was referred to the Monterey County District Attorney's (DA) office for possible prosecution. Prosecution was declined on 8/18/05.

The RVR reflects that the appellant attended the disciplinary hearing held on 10/19/06 and pled "not guilty" to the charge.

A Staff Assistant was not assigned, pursuant to CCR §3315(d)(2). 

Appellant was not a participant in the Mental Health Services Delivery System (MHSDS).

An Investigative Employee (I.E.) was assigned; Correctional Officer C. Reyes.

The SHO determined a guilty finding, and assessed zero (0) days credit loss forfeiture due to lost time constraints.

The appellant states he was not afforded all requested witnesses.

The appellant requested two witnesses during the IE but did not provide their CDC numbers nor their current housing location. The appellant had almost a year to obtain the CDC numbers and locations of the requested witnesses and should have been able to provide the necessary information to locate the appellant's requested witnesses. The appellant neglected to obtain this information. Due to the large number of inmates housed in CDC with the same last names, locating the requested witnesses with insufficient information was not possible.

The appellant states he should have been provided a copy of the note that prompted the cell search.

Providing a copy of the note could jeopardize the unknown inmate author of the note because the appellant could attempt to identify the writing style of the unknown inmate author and therefore identify the confidential informant. This would place a great risk to the confidential informant and hinder staff's ability to continue to receive confidential information.

The appellant states ISU officer reports conflict and staff other than the listed searching officers entered the cell.

Because the statements are not word-for-word, the appellant states the officer's reports conflict. The officer's statements are consistent with the photographs and the reports.

The appellant's insinuations that there was staff misconduct were already investigated by the Office of Internal Affairs. The results of that investigation will not be shared with the appellant (SVSP Appeal Log #SVSP-05-04355 filed by the appellant's former cellmate).

The appellant states that too much time elapsed between the event and the RVR hearing. However, it is noted that the appellant was provided an Investigative Employee and presented a defense to the charges during the hearing. The purpose of the Reissue/Rehear was to preserve the due process rights of the appellant.

13

The only hindrance identified by the appellant due to the time lapse was the ability to have witnesses interviewed. But, as stated above, the appellant did not provide identifying information on his requested witnesses even though the appellant has sufficient time to acquire the information.

A review of the RVR and attachments indicate that there was a preponderance of evidence to determine a finding of guilt and no due process or procedural errors occurred other than time constraints were not met. However, not meeting the time constraints placed no jeopardy on the appellant because there was no credit forfeiture.

In conclusion, this RVR was adjudicated within the parameters of the California Code of Regulations, Title 15.

**DECISION**:  The appeal is DENIED.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.


G. NEOTTI
Chief Deputy Warden (A)
Salinas Valley State Prison

18.

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

Salinas Valley State Prison          Facility 'C'

| INMATE'S NAME | CDC NUMBER |
|---|---|
| Harvey | H-28106 |

## REASON(S) FOR PLACEMENT *(PART A)*

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY     [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:    You, Inmate Harvey, H-28106, are being placed in Administrative Segregation for possession of a weapon and narcotics . On 06-14-05, I.S.U. conducted a cell search in C6-108 and discovered a deadly weapon and narcotics. As a result, you are deemed a threat to the safety and security of this institution, its' staff and inmates. You will be placed in Ad-Seg pending review for appropriate housing needs. As a result of this placement, your credit earning, custody, and visiting status are subject to change. Inmate Harvey is not a participant in the Mental Health Services Delivery System at any level of care. Placement ordered by Lieutenant G. Jordan.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)     IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:     / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 6/14/05 | G. Jordan | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|

[ ] INMATE REFUSED TO SIGN   | INMATE SIGNATURE | | CDC NUMBER |

## ADMINISTRATIVE REVIEW *(PART B)*
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

**IS THIS INMATE:**

| | | | | | |
|---|---|---|---|---|---|
| LITERATE? | [ ] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES | [ ] NO | |
| FLUENT IN ENGLISH? | [ ] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES | [ ] NO | |
| ABLE TO COMPREHEND ISSUES? | [ ] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [ ] NO | |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | | |

Any "NO" requires SA assignment          Any "NO" may require IE assignment

[ ] NOT ASSIGNED          [ ] NOT ASSIGNED

## INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER     [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE   | INMATE SIGNATURE | DATE |

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____ [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

D8 - 113

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

Salinas Valley State Prison          Facility 'C'

| INMATE'S NAME | CDC NUMBER |
|---|---|
| Harvey | H-28106 |

## REASON(S) FOR PLACEMENT *(PART A)*

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY     [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT: You, Inmate Harvey, H-28106, are being placed in Administrative Segregation for possession of a weapon and narcotics . On 06-14-05, I.S.U. conducted a cell search in 06-103 and discovered a deadly weapon and narcotics. As a result, you are deemed a threat to the safety and security of this institution, its' staff and inmates. You will be placed in Ad-Seg pending review for appropriate housing needs. As a result of this placement, your credit earning, custody, and visiting status are subject to change. Inmate Harvey is not a participant in the Mental Health Services Delivery System at any level of care. Placement ordered by Lieutenant G. Jordan.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)     [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 6/14/05 | G. Jordan | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 6/14/05 | 1623 | M. Santillan | | C/O |

[ ] INMATE REFUSED TO SIGN     INMATE SIGNATURE *Willie Harvey*     CDC NUMBER H-28106

## ADMINISTRATIVE REVIEW *(PART B)*

**The following to be completed during the initial administrative review by Captain or higher by the first working day following placement**

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

**IS THIS INMATE:**

| | | |
|---|---|---|
| LITERATE? | [X] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY [X] YES [ ] NO |
| FLUENT IN ENGLISH? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE [ ] YES [X] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS [ ] YES [X] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | |

Any "NO" requires SA assignment     [X] NOT ASSIGNED

[X] NOT ASSIGNED     Any "NO" may require IE assignment

## INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER     [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE     INMATE SIGNATURE X *Refusn*     DATE 6/15/05

## WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| N/A | | | |
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY____ [X] RETAIN PENDING ICC REVIEW [X] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION: THREAT TO SELF OR OTHERS

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|
| P. Noya | Capt | 6/15/05 1651 | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

(20)

State of California                                                Department of Corrections
                                                                   CDC 128-G

**No. H-28106**                    **NAME: HARVEY, Q**

*Comment*:    **DEFERRED.**
**90 day ASU extension from this date approved to complete casework as described herein.**
During the IE fact finding, it became apparent that Lt. G. Jordan initiated the searches as a direct result of information received. If this information was confidential then the inmate has a right to a form 1030 (disclosure). If this was anonymous information, what made it credible, that it resulted in a simultaneous search of five cells. and needs to be disclosed to the inmates.
**Please refer case to the CDO. CSR recommends that the CDC 115 be reissued/reheard. Return to CSR no later than 4/4/2006 with status update.**

D Oftedahl, CSR

**Date: 1/4/2006**              **Classification - CSR ACTION**              **SVSP**

*(4.)*

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: ___H-28106___    INMATE NAME: ___HARVEY___

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated ___5/14/05___ submitted by

___A. Diaz, Correctional Officer___
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated ___

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☒ Other (EXPLAIN) ___ANONYMOUS NOTE___

3) Disclosure of information received.

The information received indicated the following: ___ANONYMOUS NOTE RECEIVED THROUGH___

___INSTITUIONAL MAIL ON 6/13/05, STATING THAT A SEARCH OF SEVERAL CELLS ON___

___FACILITY "C" WOULD PRODUCE WEAPONS AND DRUGS.___

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). ___ANONYMOUS NOTE___

___
STAFF SIGNATURE, TITLE

___6/2/06___
DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; YELLOW – Inmate; PINK — Institution Use


*(22.)*

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART A - COVER SHEET
CDC 837-A (Rev. 09/03)

| PAGE 1 OF __4__ | INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| | SVSP-CEN-05-06-0365 | 06/14/05 | 05:13 |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | | USE OF FORCE |
|---|---|---|---|---|---|---|
| SVSP | C | ☐ I  ☐ II<br>☐ III  ☒ IV | H.U.6&* | C6-102,103,113<br>C8-211 | ☐ ASU  ☐ SHU  ☐ PSU  ☐ PHU<br>☐ SNY  ☒ GP  ☐ CTC  ☐ RC<br>SEG. YARD: ☐ CC  ☐ WA  ☐ RM | ☒ YES  ☐ NO |

| SPECIFIC CRIME / INCIDENT | |
|---|---|
| Poss. of Wepon/Dist. Cont. Sub. within an Inst./Resisting Staff W/Force | ☒ CCR  ☐ PC  ☐ N/A |
| | NUMBER/SUBSECTION:  3005 (b),3006 (a), 3016 (c) |

| D. A. REFERRAL ELIGIBLE | SERT ACTIVATED | NMT ACTIVATED | MUTUAL AID REQUEST | PIO/AA NOTIFIED |
|---|---|---|---|---|
| ☒ YES  ☐ NO | ☐ YES  ☒ NO | ☐ YES  ☒ NO | ☐ YES  ☒ NO | ☒ YES  ☐ NO |

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| DEATH | CAUSE OF DEATH | | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL | ☐ SUICIDE | ☐ ON INMATE | ☐ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION | ☐ NATURAL | ☐ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER: | ☐ OVERDOSE | | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: |
| | ☐ UNKNOWN | | | ☐ SHOOTING | |
| ☒ N/A | ☒ N/A | | ☒ N/A | ☐ SLASHING | ☒ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED / TYPE WEAPON / FORCE | | | |
|---|---|---|---|---|---|---|
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE | TYPE: | WEAPON: | WARNING # | EFFECT # | TYPE:  NO: |
| ☐ STAFF | ☐ CLUB / BLUDGEON | ☐ COMMERCIAL WEAPON | ☐ MINI 14 | | | BATON ROUND: |
| ☐ VISITOR | ☐ EXPLOSIVE | | ☐ 38 CAL. | | | WOOD |
| ☐ OTHER: | ☐ FIREARM | ☒ INMATE MANUFACTURED | ☐ 9MM | | | RUBBER |
| | ☐ HANDS / FEET | WEAPON | ☐ SHOTGUN | | | FOAM |
| ☒ N/A | ☐ KNIFE | | LAUNCHER: | | | STINGER: |
| | ☐ SAP/SLUNG SHOT | | ☐ 37MM | | | .32 (A) |
| | ☐ PROJECTILE | | ☐ L8 | | | .60 (B) |
| ESCAPES | ☐ SPEAR | | ☐ 40MM | | | EXACT IMPACT |
| | ☐ SLASHING INSTRUMENT | | ☐ 40MM MULTI | | | CTS 4557 |
| ☐ W / FORCE | ☐ STABBING INSTRUMENT | | ☐ HFWRS | | | XM 1006 |
| ☐ W/O FORCE | ☐ OTHER: | | FORCE: | | | CHEMICAL: |
| ☐ ATTEMPTED | | | ☐ SIDE-HANDLE BATON | | | ☒ OC |
| | ☐ BODILY FLUID  ☐ OTHER FLUID: | | ☐ PHYSICAL FORCE | | | ☐ CN  MK 9 |
| ☒ N/A | ☐ UNKNOWN LIQUID | | ☐ X10 | | | ☐ CS |
| | ☐ N/A | | ☐ OTHER: | | | ☐ N/A |

| CONTROLLED SUBSTANCE / WEIGHT | | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|
| ☐ POSITVE UA | ☐ CONTROLLED MEDS | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ WITH PACKAGING | ☐ WITHOUT PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| | PRELIMINARY    LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE | | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITURATES | | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE | | PROGRAMS: | ☐ HOSTAGE | |
| ☐ CODEINE | | | ☐ INMATE STRIKE | EXTRACTION: |
| ☒ HEROIN | .37 grams | | ☐ MAJOR DISTURBANCE | ☐ CONTROLLED |
| ☐ MARIJUANA/THC | | | ☐ MAJOR POWER OUTAGE | ☐ IMMEDIATE |
| ☐ METHAMPHETAMINE | | | ☐ NATURAL DISASTER | |
| ☐ MORPHINE | | | ☐ PUBLIC DEMONSTRATION | |
| ☐ OTHER: | | ☒ N/A | ☐ SPECIAL INTEREST I/M | ☒ N/A |
| ☐ N/A | | | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On June 14, 2005 at approximately 0513 hours the Investigative Service Unit (ISU) conducted a series of cell searches on Facility C, Housing Unit (H. U.) 6, cell's 102, 103, 113 and H. U. 8, cell 211. During the search multiple Inmate Manufactured Weapons were discovered and .37 grams of suspected narcotics (Heroin) .

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| . L. Martinez | Lieutenant | ▮▮▮▮ | ▮▮▮▮ |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|
| *[signature]* Lt (A) | ▮▮▮▮ | 06/14/05 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | TITLE | DATE |
|---|---|---|
| Travers *[signature]* | Correctional Administrator | 6/15/05 |

STATE OF CALIFORNIA                                                        DEPARTMENT OF CORRECTIONS
CRIME / INCIDENT REPORT
PART A1 - SUPPLEMENT
CDC 837-A1 (09/03)

| | | PAGE __2__ OF __4__ | INCIDENT LOG NUMBER |
|---|---|---|---|
| | | | SVSP-CEN-05-06-0365 |

| INSTITUTION | FACILITY | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|
| SVSP | C | 06/14/05 | 05:13 |

TYPE OF INFORMATION:

☒ SYNOPSIS/SUMMARY OF INCIDENT  ☐ SUPPLEMENTAL INFORMATION  ☐ AMENDED INFORMATION  ☐ CLOSURE REPORT

NARRATIVE:

On June 14, 2005 at approximately 0513 hour IGI Lieutenant R. L. Martinez, Sergeant S. Hatton, D. Fragoso S & I #3, R. Salao S & I # 5, M. Valdez S & I # 1, A. Diaz S & I #8 , E. Parson S & I # 10 , E. Perez S & I # 7, J. Jackson S & I # 6, B. Gibbs S & I # 4 and B. De La Santos S & I # 11 conducted cell searches on Facility C, H. U. 6 cells 102, 103, 113 and H. U. 8; cell 211 simultaneously.

As the ISU Team approached cell 102 occupied by Inmates Woods, D-30424, C6-102L and Frye, T-05458, C6-102U and cell 103 occupied by Inmates Knight, C-67508, C6-103L and Harvey, H-28106, C6-103U, H. U. 6 Control Booth Officer L. Millare was instructed to simultaneously open both cells. All inmates complied to staff orders and were removed from their cell without incident and placed into B-Section Showers. The ISU Team proceeded to cell 113.

Upon arrival to cell 113 occupied by Inmates Williams, D-05864, C6-113L and Brown, J-75188, C6-113U, Officer Gibbs requested Millare to open the cell. Gibbs observed Inmate Williams standing in the center of the cell and Inmate Brown laying on the upper bunk. Gibbs gave Williams several orders to prone out with negative results. Officer Fragoso gave several orders to Inmate Brown to remain on the upper bunk, with negative results. Fragoso observed Brown turn to the left in a quick motion and reach for an unknown object. Simultaneously Williams was observed by Gibbs, Perez and Jackson reaching for an unknown object from the lower bunk and running to the toilet; tossing the unknown object in the toilet and flushing it . Officer's Fragoso, Gibbs, Jackson and Perez concurrently utilized their O. C. Pepper Spray in attempt to preserve evidence and to gain compliance. Inmates Williams and Brown were Peppered Sprayed in their upper torso and facial area, with negative results. Sergeant Hatton reached into the cell and grabbed Williams by the left shoulder and pulled him out of the cell. Officer Jackson grabbed Williams by both shoulder and forced him to the ground. At this time Gibbs placed Williams in handcuffs and escorted him to the lower B-Section shower for decontamination. Inmate Brown was ordered by Fragoso to submit to being placed in handcuff, which Brown complied. Fragoso escorted Brown to the upper tier B-Section shower for decontamination. The ISU Team proceeded to H. U. 8, cell 211.

As the ISU Team approached cell 211 occupied by Inmates Reese, J-02950, C8-211L and Hunter, J-06098, C8-211U, , H. U. 8 Control Booth Officer was instructed to open the cell. Both inmates complied to staff orders and were removed from their cell without incident and placed into B-Section Showers. While inmate Reese was being searched Officer Valdez observed Reese with an object in his mouth. Valdez ordered Reese to remove the object, which he complied. The object was discovered to be an wooden pipe utilized to smoke Marijuana. All inmates were escorted to the Facility C Medical Annex and had an medical evaluation (7219). The cell was subsequently searched by Officer Valdez and Perez, with negative results.

subsequent cell search was conducted in cell H. U. 6, cell 102 by Officer's B. Gibbs and De La Santos. Officer Gibbs discovered a black tar substance secreted in a plastic baggy located on the top of the lower right side shelf. Furthermore Gibbs discovered Inmate Manufactured Alcohol in a five gallon bucket under the desk in the cell. Gibbs photographed and processed the evidence. Gibbs performed The Department of Justice Presumptive Drug Test on the black tar substance, which proved positive for Heroin and weighed .06 grams.

An Additional cell search was conducted in cell H. U. 6, cell 103 by Officer's A. Diaz and T. Parsons. Officer Diaz discovered a inmate Manufactured weapon on the upper bunk under the mattress. The weapon was constructed metal and measured approximately five inches in length and half inch in width and sharpened to a point. Furthermore Diaz discovered an additional inmate Manufactured Weapon on the right corner lower bunk . The weapon was constructed of folded metal and measured three and a quarter inches in length and three quarter inches in width and sharpened to a point. Furthermore Diaz discovered suspected Heroin wrapped in two separate bindles secreted in a rubber glove that was in a hat on the lower bunk.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| L. Martinez | Lieutenant | ▓▓▓▓ | ▓▓▓▓ |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|
| R. D. 95  Lt (P) | ▓▓▓▓ | 06/14/05 |

| NAME OF WARDEN/AOD (PRINT/SIGN) | TITLE | DATE |
|---|---|---|
| Travers | AWCS | 6/15/05 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDC 837-A1 (09/03)

| | | PAGE __3__ OF __4__ | INCIDENT LOG NUMBER SVSP-CEN-05-06-0365 |
|---|---|---|---|

| INSTITUTION SVSP | FACILITY C | DATE OF INCIDENT 06/14/05 | TIME OF INCIDENT 05:13 |
|---|---|---|---|

TYPE OF INFORMATION:

[X] SYNOPSIS/SUMMARY OF INCIDENT   [ ] SUPPLEMENTAL INFORMATION   [ ] AMENDED INFORMATION   [ ] CLOSURE REPORT

NARRATIVE:

Diaz photographed and processed the evidence. Diaz performed The Department of Justice Presumptive Drug Test on the black tar substance, which proved positive for Heroin and weighed .17 grams and .14 grams.

Officer Fragoso and Salao were assigned to search cell 113. During the course of the cell search Fragoso discovered two razor blades approximately one and a half inches in length secreted in a nail clippers which was located on the desk area of the cell. Furthermore Fragoso discovered an Inmate Manufactured Weapon hidden in a television which was located on the top shelf. The weapon was constructed from round metal stock (tube) and measured six and a half inches in length and a quarter inch in width and sharpened to a point at one end. Fragoso photographed the evidence and processed the weapon into evidence. All Inmates were re-housed without further incident.

SUSPECTS: Woods, D-30428, Frye, T-05458, Knight, C-67508, Harvey, H-28106, Williams, D-05864, Brown, J-75188, Reese J-02950, Hunter, J-06098

VICTIM: N/A

ESCORTS: R. Salao, M. Valdez, E. Perez, B. Gibbs, J. Jackson, D. Fragoso, E. Parsons, A. Diaz,

USE OF FORCE: O. C. Pepper Spray (MK9), Physical Force by Officer Jackson

CRIME SCENE/EVIDENCE: Multiple Digital photographs, Inmate Manufactured Weapons, and the controlled substance were placed in the Investigative Service Unit Evidence Lockers: June 2005 Film Locker, 06A, and 51 respectfully.

MEDICAL/MENTAL HEALTH: Woods: Clear, FRYE: Clear, Knight: CCCMS, Harvey: Clear, Williams: Clear, Brown: Clear, Reese: Clear, Hunter: Clear

EVALUATIONS/TREATMENT: LVN, N. Santos Conducted a medical examination/evaluations (7219) on Inmate Woods, noting no injuries. MTA, E. Pulido performed an CDC 7219 on Frye, noting no injuries. LVN, N. Santos Conducted a 7219 on Inmate Knight noting no injuries. RN, N. Moore Conducted a 7219 on Inmate Harvery noting no injuries. MTA, E. Pulido performed an CDC 7219 on Williams, noting OC Exposure. MTA, E. Pulido performed an CDC 7219 on Brown, noting OC Exposure. MTA, E. Pulido performed an CDC 7219 on Reese, noting no injuries. MTA, E. Pulido performed an CDC 7219 on Hunter, noting no injuries.

CONCLUSION: There was no damage to state property, nor were there any staff injuries. Inmate Woods will be issued a Rules Violation report (CDC 115) for the violation of California Code Of Regulations 3016(c), specifically, Distribution of a Controlled Substance within an institution . Inmate Frye will be issued a CDC 115 for the violation of California Code Of Regulations 3016(c), specifically, Distribution of a Controlled Substance within an institution. Inmate Knight will be issued a CDC 115 for the violation of California Code Of Regulations 3006(a), specifically, Possession of Inmate Manufactured Weapon. Inmate Harvey will be issued a CDC 115 for the violation of California Code Of Regulations 3006(a), specifically, Possession of Inmate Manufactured Weapon. Inmate Williams will be issued a CDC 115 for the violation of California Code Of Regulations 3006(a), specifically, Possession of Inmate Manufactured Weapon. Inmate Brown will be issued a CDC 115 for the violation of California Code Of Regulations 3006(a), specifically, Possession of Inmate Manufactured Weapon. Inmate Reese will be issued a CDC 115 for the violation of California Code Of Regulations 3016 (b), specifically, Possession of Drug araphernalia.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) L. MARTINEZ | TITLE LIEUTENANT | ID # | BADGE # |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) | DATE 06/14/05 |
| NAME OF WARDEN / AOD (PRINT/SIGN) Travers | TITLE Correctional Administrator | | DATE 4/15/05 |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDC 837-A1 (09/03)

DEPARTMENT OF CORRECTIONS

| PAGE 4 OF 4 | INCIDENT LOG NUMBER SVSP-CEN-05-06-0365 |
|---|---|

| INSTITUTION SVSP | FACILITY C | DATE OF INCIDENT 06/14/05 | TIME OF INCIDENT 05:13 |
|---|---|---|---|

TYPE OF INFORMATION:
☒ SYNOPSIS/SUMMARY OF INCIDENT   ☐ SUPPLEMENTAL INFORMATION   ☐ AMENDED INFORMATION   ☐ CLOSURE REPORT

NARRATIVE:

NOTIFICATIONS:  This incident will be referred to the Monterey County District Attorney's officer for possible felony prosecution.  All appropriate Administrative Staff were notified of this incident.  You will be apprised of any further developments in this matter via supplemental reports.

CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) . L. Martinez | TITLE Lieutenant | ID # 286868 | BADGE # ▓▓▓▓ |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) ▓▓▓▓ | DATE 06/14/05 |
| NAME OF WARDEN / AOD (PRINT/SIGN) Travers | | TITLE AWCS | DATE 6/15/05 |

STATE OF CALIFORNIA ·                                                    DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART B1 - INMATE
CDC 837-B1 (09/03)                                              PAGE ___1___ OF ___2___

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SVSP | C | SVP-CEN-05-06-0365 |

**INMATE (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| WOODS | BARRY | | D30424 | M | BLA | ▓▓▓ | ▓▓▓ |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM<br>☒ SUSPECT<br>☐ WITNESS | 367 | ☒ YES<br>☐ NO | 01 / 08 / 91 | | | ☐ YES<br>☒ NO | 02/ 28 / 65 | C6 102 |

☐ CCCMS  ☐ EOP  ☐ DPP  ☐ DMH
☐ MHCB  ☐ DDP  ☒ N/A

COMMITMENT OFFENSE ▓▓▓▓▓

COUNTY OF COMMITMENT
SACRAMENTO

DESCRIPTION OF INJURIES:

PRISON GANG / DISRUPTIVE GROUP ▓▓▓

☒ N/A                                 ☐ VALIDATED  ☒ ASSOCIATED  ☐ N/A

☐ HOSPITALIZED   ☐ TREATED & RELEASED   ☐ REFUSED TREATMENT   NAME/LOCATION OF HOSP./TREAT. FACILITY
☐ DECEASED DATE: _____   ☒ N/A   ☒ N/A

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| RYE | KARLOS | | T 05458 | M | BLA | 799616XA1 | A09558153 |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM<br>☐ SUSPECT<br>☐ WITNESS | 85 | ☐ YES<br>☒ NO | 01 / 30 / 01 | | | ☐ YES<br>☒ NO | 05/ 22 / 76 | C6 102 |

☐ CCCMS  ☐ EOP  ☐ DPP  ☐ DMH
☐ MHCB  ☐ DDP  ☒ N/A

COMMITMENT OFFENSE ▓▓▓

COUNTY OF COMMITMENT
SACRAMENTO

DESCRIPTION OF INJURIES:

PRISON GANG / DISRUPTIVE GROUP ▓▓▓

☐ N/A                                 ☐ VALIDATED  ☒ ASSOCIATED  ☐ N/A

☐ HOSPITALIZED   ☐ TREATED & RELEASED   ☐ REFUSED TREATMENT   NAME/LOCATION OF HOSP./TREAT. FACILITY
☐ DECEASED DATE: _____   ☒ N/A   ☒ N/A

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| NIGHT | CLARENCE | | C 07508 | M | BLA | | |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM<br>☐ SUSPECT<br>☐ WITNESS | 211 | ☐ YES<br>☐ NO | 8 / 8 / 79 | | | ☐ YES<br>☒ NO | 04/ 16 / 60 | C6 103 |

☒ CCCMS  ☐ EOP  ☐ DPP  ☐ DMH
☐ MHCB  ☐ DDP  ☐ N/A

COMMITMENT OFFENSE ▓▓▓

COUNTY OF COMMITMENT

DESCRIPTION OF INJURIES:

PRISON GANG / DISRUPTIVE GROUP

☐ N/A                                 ☐ VALIDATED  ☐ ASSOCIATED  ☒ N/A

☐ HOSPITALIZED   ☐ TREATED & RELEASED   ☐ REFUSED TREATMENT   NAME/LOCATION OF HOSP./TREAT. FACILITY
☐ DECEASED DATE: _____   ☒ N/A   ☒ N/A

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| HARVEY | QUILLIE | | H 28106 | M | BLA | 944715CB2 | A09763681 |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM<br>☐ SUSPECT<br>☐ WITNESS | 130 | ☐ YES<br>☐ NO | 4 / / 92 | / / | | ☐ YES<br>☒ NO | 9 / 18 / 73 | |

☐ CCCMS  ☐ EOP  ☐ DPP  ☐ DMH
☐ MHCB  ☐ DDP  ☒ N/A

COMMITMENT OFFENSE ▓▓▓

COUNTY OF COMMITMENT

DESCRIPTION OF INJURIES:

PRISON GANG / DISRUPTIVE GROUP ▓▓▓

☐ N/A                                 ☐ VALIDATED  ☒ ASSOCIATED  ☐ N/A

☐ HOSPITALIZED   ☐ TREATED & RELEASED   ☐ REFUSED TREATMENT   NAME/LOCATION OF HOSP./TREAT. FACILITY
☐ DECEASED DATE: _____   ☐ N/A   ☒ N/A

(27)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART B1 - INMATE
CDC 837-B1 (09/03)

PAGE __2__ OF __2__

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| Salinas Valley State Prison | C | SVP-CEN-05-06-0365 |

## INMATE (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| WILLIAMS | Henry | L. | D05864 | M | BLK | ▮ | ▮ |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM | 57 | ☐ YES ☒ NO | 05 / 08 / 85 | ▮ | | ☐ YES ☒ NO | 08 / 03 / 64 | C6-113 |
| ☒ SUSPECT | | | | | | | | |
| ☐ WITNESS | ☐ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☒ N/A | ☐ DMH | COMMITMENT OFFENSE ▮ | | COUNTY OF COMMITMENT ▮ | |

DESCRIPTION OF INJURIES:
NONE

☐ N/A

PRISON GANG / DISRUPTIVE GROUP
☐ VALIDATED  ☐ ASSOCIATED  ☒ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: _____ | | ☒ N/A | ☒ N/A |

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| BROWN | Ernest | D. | J75188 | M | BLK | ▮ | ▮ |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM | 57 | ☐ YES ☒ NO | 09 / 01 / 95 | ▮ | | ☐ YES ☒ NO | 02 / 24 / 64 | C6-113 |
| ☒ SUSPECT | | | | | | | | |
| ☐ WITNESS | ☐ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☒ N/A | ☐ DMH | COMMITMENT OFFENSE ▮ | | COUNTY OF COMMITMENT ▮ | |

DESCRIPTION OF INJURIES:
NONE

☐ N/A

PRISON GANG / DISRUPTIVE GROUP
☐ VALIDATED  ☐ ASSOCIATED  ☒ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: _____ | | ☒ N/A | ☒ N/A |

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| REESE | CALVIN | L. | D02950 | M | BLK | ▮ | ▮ |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM | 166 | ☒ YES ☐ NO | 04 / 18 / 95 | | | ☐ YES ☒ NO | 10 / 31 / 68 | C8-211 |
| ☒ SUSPECT | | | | | | | | |
| ☐ WITNESS | ☐ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☒ N/A | ☐ DMH | COMMITMENT OFFENSE ▮ | | COUNTY OF COMMITMENT SACRAMENTO | |

DESCRIPTION OF INJURIES:
NONE

☐ N/A

PRISON GANG / DISRUPTIVE GROUP
☐ VALIDATED  ☐ ASSOCIATED  ☒ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: _____ | | ☒ N/A | ☒ N/A |

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| HUNTER | LIONEL | A. | J06098 | M | BLK | ▮ | ▮ |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM | 89 | ☒ YES ☐ NO | 09 / 20 / 96 | ▮ | | ☐ YES ☒ NO | 05 / 05 / 74 | C8-211 |
| ☐ SUSPECT | | | | | | | | |
| ☐ WITNESS | ☐ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☒ N/A | ☐ DMH | COMMITMENT OFFENSE ▮ | | COUNTY OF COMMITMENT KERN | |

DESCRIPTION OF INJURIES:
NONE

☐ N/A

PRISON GANG / DISRUPTIVE GROUP ▮
☐ VALIDATED  ☐ ASSOCIATED  ☒ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: _____ | | ☒ N/A | ☒ N/A |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART B2- STAFF**
DC 837-B2 (09/03)

PAGE __1__ OF __3__

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SVSP | C | SVP-CEN-05-06-0365 |

## STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| MARTINEZ | R | | LIEUTENANT | M | M | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☒ PRIMARY ☐ CAMERA | 33903 | ▓▓▓▓ | ▓▓▓▓ | ▓▓▓▓ |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE ☐ YES ☒ NO | PROCESSED EVIDENCE ☐ YES ☒ NO |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | | |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE: | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| ATTON | S | B | SERGEANT | M | W | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | 34943 | ▓▓▓▓ | 250415 | ▓▓▓▓ |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE ☒ YES ☐ NO | PROCESSED EVIDENCE ☐ YES ☒ NO |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | | |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE: PHYS. | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| ALDEZ | M | | OFFICER | M | M | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | 54177 | ▓▓▓▓ | 253100 | ▓▓▓▓ |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE ☐ YES ☒ NO | PROCESSED EVIDENCE ☒ YES ☐ NO |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | | |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE: | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| AGOSO | D | | OFFICER | M | M | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | 37662 | ▓▓▓▓ | 253102 | ▓▓▓▓ |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE ☒ YES ☐ NO | PROCESSED EVIDENCE ☒ YES ☐ NO |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | | |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE: OC SPRAY | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| BBS | B | | OFFICER | M | B | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | 52949 | ▓▓▓▓ | 253103 | ▓▓▓▓ |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE ☒ YES ☐ NO | PROCESSED EVIDENCE ☒ YES ☐ NO |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | | |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE: OC SPRAY | |



STATE OF CALIFORNIA.
DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART B2- STAFF
CDC 837-B2 (09/03)

PAGE __2__ OF __3__

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SVSP | C | SVP-CEN-05-06-0365 |

## STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| SALAO | R | | OFFICER | M | O | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☒ PRIMARY ☐ CAMERA | | | 253104 | SQUAD OFFICER # 5 |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES ☒ NO | ☐ YES ☒ NO |
| ☐ DECEASED DATE: _____ | ☒ N/A | ☒ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| JACKSON | J | | OFFICER | M | W | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☒ PRIMARY ☐ CAMERA | | 286930 | 253105 | SQUAD OFFICER # 6 |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☒ YES ☐ NO | ☐ YES ☒ NO |
| ☐ DECEASED DATE: _____ | ☒ N/A | ☒ N/A | TYPE: OC & PHYS. | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| PEREZ | E | | OFFICER | M | M | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | 2862341 | 253106 | SQUAD OFFICER # 7 |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☒ YES ☐ NO | ☐ YES ☒ NO |
| ☐ DECEASED DATE: _____ | ☒ N/A | ☒ N/A | TYPE: OC SPRAY | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| DIAZ | A | | OFFICER | M | M | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | 2866361 | 253107 | SQUAD OFFICER # 8 |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES ☒ NO | ☒ YES ☐ NO |
| ☐ DECEASED DATE: _____ | ☒ N/A | ☒ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| PARSONS | T | | OFFICER | M | W | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | 2861113 | 253110 | TOOL CONTROL |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES ☒ NO | ☐ YES ☒ NO |
| ☐ DECEASED DATE: _____ | ☒ N/A | ☒ N/A | TYPE: _____ | |

30.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART B2- STAFF**
CDC 837-B2 (09/03)

PAGE __3__ OF __3__

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SVSP | C | SVP-CEN-05-06-0365 |

### STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| PULIDO | E | | MTA | F | M | S/M |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | ▉ | ▉ | 250200 | FACILITY C MTA |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES  ☒ NO | ☐ YES  ☒ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | | TYPE: | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| ANTOS | N | | LVN | M | M | TH/F |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | NA | ▉ | | FACILITY C MEDICAL |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES  ☒ NO | ☐ YES  ☒ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | | TYPE: | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| MOORE | N | | RN | F | | S/S |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| PRIMARY  ☐ CAMERA | NA | ▉ | | FACILITY C MEDICAL |
| RESPONDER | DESCRIPTION OF INJURIES: | | | |
| WITNESS | | | | |
| VICTIM | ☐ N/A | | | |

| HOSPITALIZED | ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| REFUSED TREATMENT | | | ☐ YES  ☐ NO | ☐ YES  ☐ NO |
| DECEASED DATE: _____ ☐ N/A | ☐ N/A | | TYPE: | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| LLARE | L | | OFFICER | M | O | W/TH |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| PRIMARY  ☐ CAMERA | ▉ | ▉ | 131315 | FACILITY C BUILDING 6 CONTROL |
| RESPONDER | DESCRIPTION OF INJURIES: | | | |
| WITNESS | | | | |
| VICTIM | ☒ N/A | | | |

| HOSPITALIZED | ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| REFUSED TREATMENT | | | ☐ YES  ☒ NO | ☐ YES  ☒ NO |
| DECEASED DATE: _____ ☒ N/A | ☒ N/A | | TYPE: | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| LO SANTOS | B | | OFFICER | F | M | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| PRIMARY  ☐ CAMERA | ▉ | ▉ | 253109 | COURT LIAISON OFFICER |
| RESPONDER | DESCRIPTION OF INJURIES: | | | |
| WITNESS | | | | |
| VICTIM | ☒ N/A | | | |

| HOSPITALIZED | ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| REFUSED TREATMENT | | | ☐ YES  ☐ NO | ☐ YES  ☒ NO |
| DECEASED DATE: _____ ☒ N/A | ☒ N/A | | TYPE: | |

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

| | | | |
|---|---|---|---|
| PAGE  1  OF  2 | | INCIDENT LOG NUMBER | SVP-CEN-05-06-0365 |

| NAME: LAST | FIRST | | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|---|
| Hatton | S | | B | 06/14/05 | 05:13 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 250416 | Squad Sergeant | 17 YR. 4 MO. | 06/14/05 | Facility C Buildings 6&8 |

| IDO's DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | N/A |
|---|---|---|---|
| S/S/H    0730-1600 | Resisting staff w/force - Poss. of weapon - Poss. of narcs for sale. | 3005 (b) / 3006 (a) / 3016 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☒ PRIMARY | Martinez (s) | Jackson (s) | Woods D 30424 | Brown J 75188 |
| ☐ RESPONDER | Valdez (s) | Perez (s) | Frye T 05458 | Reese J 02950 |
| ☐ WITNESS | Fragoso (s) | Diaz (s) | Knight C67508 | Hunter J06098 |
| ☐ VICTIM | Parsons (s) | De Los Santos (s) | Harvey H 28106 | |
| ☐ CAMERA | Salao (s) | Parsons (s) | Williams D 05864 | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | |
|---|---|---|---|---|---|
| | | | | TYPE: NO: | NO: |
| ☐ WEAPON | ☐ MINI-14 | CHEM. TYPE: | | | |
| ☒ PHYSICAL | ☐ 9 MM | ☐ OC | 37 MM ___ | ___ | 9 MM ___ |
| ☐ NONE | ☐ 38 CAL | ☐ CN | L8 ___ | ___ | 38 CAL ___ |
| | ☐ SHOTGUN | ☐ CS | | | |
| FORCE OBSERVED BY YOU | | ☐ OTHER:___ | 40 MM ___ | ___ | MINI-14 ___ |
| ☒ WEAPON | ☐ 37 MM  ☐ L8 | | | | |
| ☒ PHYSICAL | ☐ 40 MM  ☐ 40 MULTI | ☐ N/A | 40 MULTI ___ | | ☒ N/A |
| ☐ NONE | ☐ HFWRS  ☐ BATON | | SHOTGUN ___ | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☐ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☐ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER:___ | |

**NARRATIVE:**

On June 14, 2005, while performing my duties as Security Squad Sergeant, I was instructed by Institutional Gang Investigator (IGI) Lieutenant Martinez to have the Investigative Service Unit (ISU) staff conduct a series of cell searches located on Facility C Building 7 and Building 8. All ISU staff involved were briefed in the Squad Room and then we proceeded to Facility C Building 6. I briefed Officer Millare the Control Booth for Building 6 of the cells the unit would be searching. Myself along with ISU staff entered the building and proceeded to cell 102 occupied by Inmates Woods D-30424 and Frye T-05458 and cell 103, occupied by Inmate Knight C-67508 and Harvey H-28106,both cell doors were open simultaneously. ISU staff instructed inmates in both cells to be placed in hand cuffs to which they complied. Inmates Woods, Frye, and Harvey were escorted to showers in A section and secured. Due to Inmate Knight's mobility disability he was escorted to a table inside of A section and sat down.

After securing the inmates, myself along with ISU staff approached Cell 113 and Officer Millare opened the cell door. Officer Gibbs gave Inmate Williams several orders to get down and prone out with negative results. At the same time Officer Fragoso instructed Inmate Brown (who was on the top bunk) to stop rolling over and keep his hands visible. Inmate Brown disobeyed Fragoso's order and made a movement toward the back of his bunk. Simultaneously Inmate Williams abruptly moved to the lower bunk and grabbed an unknown object and ran toward the cell door. Officer's Fragoso,Gibbs, Jackson and Perez utilized their

CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | Squad Sergeant | | 2861882 | 06/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 6/14/05 | ☒ YES  ☐ NO | ☐ YES  ☐ NO | 9/14/05 |

Distribution: ✓ Original: Incident Package  ✓ Copy: Reporting Employee  Copy: Reviewing Supervisor

(52)

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

| | PAGE __2__ OF __2-__ | INCIDENT LOG NUMBER |
| | | SVP-CEN-05-06-0365 |

| NAME: LAST | FIRST | MI |
| Hatton | S | B |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

NARRATIVE:

state issued Oleoresin Capsicum Spray (OC) and sprayed both inmates to their upper torso areas. Inmate Williams stopped at the toilet and flushed it. I reached into the cell with my left hand and grabbed inmate Williams' T-shirt and attempted to pull Williams out of the cell, however the T-shirt ripped and tore off his body. I then grabbed Williams by the left shoulder and was successful in pulling Williams out of the cell. Officer Jackson then forced Inmate Williams to the ground. I maintained control of Williams upper body as other staff members hand cuffed Williams. Once both inmate were handcuffed they were placed into the lower B shower. An unclothed body search was conducted on both inmates and then were decontaminated by utilizing the shower water at the leisure. Myself along with ISU staff proceeded to Building 8 Cell 211 occupied by Inmates Reese J-02950 and Hunter J-06098. The cell door was opened and both inmates were hand cuffed and secured in the shower.

All inmates involved were escorted to the Facility C Program and placed into temporary holding cells and a medical report of injury (7219) was performed by medical staff.

A subsequent search revealed the following contraband:

Building 6 Cell 102 .906 grams of heroin.

Building 6 Cell 103 .031 grams of heroin and two (2) inmate manufactured weapons.

Building 6 Cell 113 one (1) inmate manufactured weapon and 2 razor blades.

Building 8 Cell 211 one (1) wooden pipe relinquished from Inmate Reese's mouth.

This concludes my report.

CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
| | Squad Sergeant | | 2861882 | 06/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| | 6/14/05 | [X] YES [ ] NO | [ ] YES [ ] NO | 6/14/05 |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

PAGE __1__ OF __2__

INCIDENT LOG NUMBER: SVP-CEN-05-06-0365

| NAME: LAST- | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| Gibbs | B. | R | 06/14/05 | 05:13 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 253103 | SECURITY SQUAD # 4 | 9 YR. 5 MO. | 06/14/05 | Facility C, Building #6 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE  □ N/A |
|---|---|---|---|
| S/S/H | 0730/1600 | Poss of Weapon,Resisting Staff or W/Force,Poss. of Narcs for Sale | 3005 (b),3006 (a), 3016 (c) |

**YOUR ROLE**
- [ ] PRIMARY
- [X] RESPONDER
- [ ] WITNESS
- [ ] VICTIM
- [ ] CAMERA

**WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)**
Sgt. S. Hatton (S)
C/O M. Valdez (S)

**INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)**
Woods D-30424 C6-102L    Reese J-02950 C8-211L
Frye T-05458 C6-102U     Hunter J-06098 C8-211U
Williams D-05864 C6-113
Brown J-75188 C6-113U

**FORCE USED BY YOU**
- [X] WEAPON
- [ ] PHYSICAL
- [ ] NONE

**FORCE OBSERVED BY YOU**
- [X] WEAPON
- [ ] PHYSICAL
- [ ] NONE

**WEAPONS USED BY YOU**
- [ ] MINI-14
- [ ] 9 MM
- [ ] 38 CAL
- [ ] SHOTGUN
- [ ] 37 MM  [ ] L8
- [ ] 40 MM  [ ] 40 MULTI
- [ ] HFWRS  [ ] BATON

CHEM. TYPE:
- [X] OC   MK-9
- [ ] CN
- [ ] CS
- [ ] OTHER:

**SHOTS FIRED BY YOU**

| TYPE: | NO: | | NO: |
|---|---|---|---|
| 37 MM | | 9 MM | |
| L8 | | 38 CAL | |
| 40 MM | | MINI-14 | |
| 40 MULTI | | [X] N/A | |
| SHOTGUN | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| [X] YES  [ ] NO | One Bindle of Suspected Heroin/One CD-R of Digital Photographs  [ ] N/A | Placed into ISU Evidence Locker #51/ISU Evidence Film Locker (June 2005)  [ ] N/A | [ ] YES  [X] NO | [ ] YES  [X] NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| [ ] YES  [X] NO | [X] N/A | [X] N/A | [ ] BODILY [X] N/A [ ] UNKNOWN [ ] OTHER: | [ ] YES  [X] NO |

**NARRATIVE:**

On Tuesday June 14, 2005, at approximately 0513 hours while performing my duties as Security Squad Officer #4, the Investigative Service Unit (ISU) proceeded to Facility "C" to conduct multiple cell searches. Upon my arrival to Facility "C", I proceeded to Building #6 cell 102 which is jointly occupied by Inmates Woods D-30424 (C6-102L) and Frye T-05458 (C6-102U). As I arrived to cell #102, I looked through the cell door window and observed Woods laying down on the lower bunk and Frye laying down on the upper bunk. The Control Booth Officer was then signaled to open the cell door. The cell door was opened at which time I ordered both inmate not to move. I gave Woods orders to get of the lower bunk and prone out on the cell floor at which time he complied. I continued to give Woods orders to crawl back to the cell door while maintaining visual contact with Frye. I placed handcuffs on Woods and Woods was escorted by ISU staff to A-Section lower shower. I then ordered Frye to get off the upper bunk and prone out on the cell floor with positive results. I ordered Frye to crawl back to the cell door and submit to handcuffs. I placed handcuffs on Frye and escorted him to A-Section lower shower.

I proceeded to cell #113 which is jointly occupied by Inmates Williams D-05864 (C6-113L) and Brown J-75188 (C6-113L). Upon my arrival to cell #113, I looked through the cell door window and observed Williams standing in the center of the cell between the bookshelves and bunks. Inmate Brown was laying down on the upper bunk. The Control Booth Officer was signaled to open the cell door. I immediately gave Williams several orders to get down and prone out.

CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O | | 2861212 | 06/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 6/14/05 | [X] YES [ ] NO | [ ] YES [ ] NO | 6/14/05 |

Distribution:  Original: Incident Package  Copy: Reporting Employee  Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C1- SUPPLEMENT
CDC 837-C1 (Rev. 09/03)

| | | |
|---|---|---|
| PAGE 2 OF 2 | | INCIDENT LOG NUMBER<br>SVP-CEN-05-06-0365 |

| NAME: LAST | FIRST | MI |
|---|---|---|
| Gibbs | B | R |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT      [ ] CLARIFICATION OF REPORT      [ ] ADDITIONAL INFORMATION

NARRATIVE:

Inmate Williams ignored my orders to get down. As I keep visual contact on Williams, Officer D. Fragoso ordered Brown not to move. Inmate Williams abruptly reached for an unknown object from the lower bunk by the cell toilet. Utilizing my MK-9 Oleoresin Capsicum (OC) Pepper Spray, I sprayed one direct application of OC Pepper Spray to Williams facial and upper torso area while ordering him to prone out. I was momentarily incapacitated by the OC Pepper Spray and stepped back from the cell door. After I regained my composure, I observed Williams being restrained on the floor at which time I handcuffed him. Williams was escorted to the shower for decontamination.

I proceeded to Facility "C", Building #8, Cell #211 which is jointly occupied by Inmates Reese J-02950 (C8-211L) and Hunter J-06098 (C6-211U). Officer M. Valdez ordered Reese and Hunter to submit to handcuffs at which time they complied without incident. Both inmates were escorted to B-Section upper shower.

I returned to cell C6-102 to conduct a systematic search of the cell. As I entered the cell, I could smell the presence of Inmate Manufactured Alcohol (Pruno). I discovered a 5 Gallon white bucket located on the floor of the cell between the lower shelf and the desk. Inside of the bucket was a red liquid substance in a clear plastic bag approximately 3/4 full. I contacted Squad Sergeant S. Hatton who confirmed the red liquid was indeed Pruno. I continued to search the cell and discovered a plastic baggy located on top of the lower right side shelf by the television with a black tar like substance secreted in it. Utilizing a Sony Digital Camera I took the following digital pictures:

. Over all view outside of cell #102.

. Over all view inside of cell #102.

. Mid range view of suspected Heroin located on top of the lower shelf.

. Mid range view of suspected Heroin located on top of the lower shelf with Inmate Woods D-30424 identification card.

placed the suspected Heroin into an Evidence bag and continued to search the cell with no more contraband being scovered. The Inmate Manufactured Alcohol was disposed of per Institutional Procedures. I returned to the ISU office an onducted an Department of Justice Presumptive Drug Test on the suspected Heroin which tested positive. I placed the uspected Heroin into ISU Evidence Locker #51. I downloaded the digital photographs onto one Compact Disc Recordable CD-R) and placed the CD-R into ISU Evidence Film Locker (June 2005). I maintained sole possession of all evidence until I aced all items into evidence. This concludes my report.

CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| NATURE OF REPORTING STAFF | TITLE<br>C/O | BADGE # | ID #<br>2861212 | DATE<br>06/14/05 |
|---|---|---|---|---|
| E AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED<br>6/14 | APPROVED<br>[X] YES [ ] NO | CLARIFICATION NEEDED<br>[ ] YES [ ] NO | DATE<br>C/14/05 |

ution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C- STAFF REPORT
CDC 837-C (Rev. 09/03)

PAGE __1__ OF __2__

INCIDENT LOG NUMBER
SVP-CEN-05-06-0365

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| Fragoso | D | | 06/14/05 | 05:13 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 253102 | S&I # 3 | 18 YR. 8 MO. | 06/14/05 | Facility "C" Cell C-6 113 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | N/A |
|---|---|---|---|---|
| S/S/H | 0800-1630 | Resisting Staff W Force-Poss Of Weapon-Poss Of Narcs for Sale | 3006 (A) 3006 (A) 3016 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| [X] PRIMARY | B. Gibbs | | Brown J-75188 | C-6 113U |
| [ ] RESPONDER | | | Williams D-05846 | C-6 113L |
| [ ] WITNESS | | | Woods D-30424 | C-6 102L |
| [ ] VICTIM | | | Frye T-05458 | C-6 102U |
| [ ] CAMERA | | | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | | SHOTS FIRED BY YOU | | |
|---|---|---|---|---|---|---|
| | | | | | TYPE: | NO: |
| [X] WEAPON | [ ] MINI-14 | CHEM. TYPE: | | | | NO: |
| [ ] PHYSICAL | [ ] 9 MM | [X] OC | MK-9 | 37 MM | _____ | 9 MM |
| [ ] NONE | [ ] 38 CAL | [ ] CN | | L8 | _____ | 38 CAL |
| FORCE OBSERVED BY YOU | [ ] SHOTGUN | [ ] CS | | 40 MM | _____ | MINI-14 |
| [X] WEAPON | [ ] 37 MM  [ ] L8 | [ ] OTHER: | | 40 MULTI | _____ | [X] N/A |
| [ ] PHYSICAL | [ ] 40 MM  [ ] 40 MULTI  [ ] N/A | | | SHOTGUN | _____ | |
| [ ] NONE | [ ] HFWRS  [ ] BATON | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| [ ] YES | One inmate manufactured weapon, Two razor blades, One nail clipper | Secured in Evidence Locker 06A | [ ] YES | [ ] YES |
| [ ] NO | [ ] N/A | [ ] N/A | [X] NO | [X] NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|---|
| [ ] YES | | | [ ] BODILY | [X] N/A | [ ] YES |
| [ ] NO | | | [ ] UNKNOWN | | [X] NO |
| | [X] N/A | [X] N/A | [ ] OTHER: | | |

NARRATIVE:

On June 14, 2005 at approximately 0513 hours, I was performing my duties as Investigative Services Unit (ISU) Officer #3. At this time I reported to Facility C to conduct multiple cell searches. I approached cell C-6 102 occupied by Inmates Woods D-30424 and Inmate Frye T-05458. The control booth officer opened the cell door, ISU Officer Gibbs ordered Inmates Woods and Frye to submit to mechanical restraints. Mechanical restraints were applied to both inmates without incident. I then escorted Inmate Frye to the A section lower shower stall. I approached cell C-6 113, occupied by Inmates Brown J-25188 and Inmate Williams D-05846. The control booth officer was instructed to open cell C-6 113. ISU Officer B. Gibbs ordered the occupants of the cell to assume the prone position, with negative results. Inmate Williams was standing near the end of the bunk and the toilet area, refusing to comply to Officer Gibbs orders. I ordered Inmate Brown to remain on the top bunk. Inmate Brown then sat up, on the top bunk. Inmate Brown then turned to his left in a quick motion attempting to reach for an unknown object on his bunk. Utilizing my MK-9 Magnum Oleoresin Capsicum (OC) spray, I applied one direct application towards the facial area of Inmate Brown. At this time Inmate Williams attempted to reach towards the lower bunk area, Officer Gibbs utilized his MK-9 (OC) spray and applied one direct one direct application to the facial area of Inmate Williams. I maintained a direct visual on Inmate Brown, while ISU staff placed Williams in mechanical restraints. I ordered Inmate Brown back up towards the cell, and submit to mechanical restraints. I applied the mechanical restraints on Inmate Brown without further incident.

[ ] CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| [signature] | C/O | [redacted] | 2861299 | 06-14-2005 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| [signature] | 6/14/05 | [X] YES  [ ] NO | [ ] YES  [X] NO | 6/14/05 |

Distribution:  Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS
**CRIME / INCIDENT REPORT**
**PART C1 - SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)                    PAGE __2__ OF __2__

| INCIDENT LOG NUMBER |
| SVP-CEN-05-06-0365 |

| NAME: LAST. | FIRST | MI |
| FRAGOSO | D | |

TYPE OF INFORMATION:
[X] CONTINUATION OF REPORT      [ ] CLARIFICATION OF REPORT      [ ] ADDITIONAL INFORMATION

NARRATIVE:

I escorted Inmate Brown , while Officer Gibbs escorted Williams to the lower tier shower stall for decontamination. Both inmates were given an unclothed body search. I escorted Inmate Brown to the Facility C Health Annex for a medical evaluation (7219).

I began to conduct a cell search of cell C-6 113. During the search of the desk area I discovered secreted in a nail clipper Two (2) razor blades approximately 1 1/2 inches in length.  I removed from the top shelf a Zenith 13 inch color television set (ser # 1805) issued to Inmate Brown J-75188. Upon inspection of the television (TV) , I discovered secreted within the TV , one inmate manufactured weapon. I removed the front panel from the TV and removed the weapon. The inmate manufactured weapon measured approximately 6 1/2 inches in length by 1/4 inch in width. The weapon was constructed from round metal stock sharpened to a point at one end, with plastic melted on the opposite end to form a handle. I maintained control of the evidence, and utilizing a Sony Digital Camera photographed the contraband. I continued the search of the cell with negative results.

processed the evidence and secured it in ISU evidence locker 06A, in accordance with institutional procedures. All digital images taken were transferred to a Compact Disc (CD), and placed in ISU film locker June 2005. This concludes my report.

CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| NATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
| | Officer | ▓▓▓▓ | 2861299 | 06/14/05 |

| E AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| | 6/14/05 | [X] YES  [ ] NO | [ ] YES  [X] NO | 6/14/05 |

ution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C- STAFF REPORT
CDC 837-C (Rev. 09/03)

| | | |
|---|---|---|
| PAGE __1__ OF __3__ | INCIDENT LOG NUMBER | SVP-CEN-05-06-0365 |

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| DIAZ | A. | | 06/14/05 | 05:13 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 253107 | S&I # 8 | 4 YR. 2 MO. | 06/14/05 | Fac 'C' Building 6 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE ☐ N/A |
|---|---|---|---|
| S/S/H | 0730-1600 | Resisting Staff w/Force/Poss.of a Weapon/Controlled Substance | 3005 (c)/3006 (a)/3016 (c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | C/O E. Parsons, (S) | Knight, C-07508 (S) |
| ☐ RESPONDER | C/O M. Valdez, (S) | Harvey, H-28106 (S) |
| ☐ WITNESS | C/O R. Salao, (S) | |
| ☐ VICTIM | | |
| ☒ CAMERA | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | | | |
|---|---|---|---|---|---|---|---|
| | | | | TYPE: | NO: | | NO: |
| ☐ WEAPON | ☐ MINI-14 | CHEM. TYPE: | 37 MM | | | 9 MM | |
| ☐ PHYSICAL | ☐ 9 MM | ☐ OC | L8 | | | 38 CAL | |
| ☒ NONE | ☐ 38 CAL | ☐ CN | 40 MM | | | MINI-14 | |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN | ☐ CS | 40 MULTI | | | ☒ N/A | |
| | ☐ 37 MM  ☐ L8 | ☐ OTHER: | SHOTGUN | | | | |
| ☐ WEAPON | ☐ 40 MM  ☐ 40 MULTI | ☒ N/A | | | | | |
| ☐ PHYSICAL | ☐ HFWRS  ☐ BATON | | | | | | |
| ☒ NONE | | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☒ YES | 2 metal weapons sharpend to a point, 2 bindles of black tar heroin | Weapons placed in ISU Evidence Locker 06A/2005. Controlled substance locker #51 | ☐ YES | ☐ YES |
| ☐ NO | ☐ N/A | ☐ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY | ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | | ☒ NO |
| | | | ☐ OTHER: | | |

**NARRATIVE:**

On June 14, 2005, at approximately 0513 hours, while performing my duties as Security Squad Officer # 8, I was assisting the Investigative Services Unit Officers E. Parsons, M. Valdez and R. Salao with a cell search on Facility 'C' building #6. As we approached C6 building cell 103 the control booth officer was instructed to open the cell door. Cell 103 was occupied by Inmates Knight, C-07508, C6-103L and Harvey, H-28106, C6-103U. The door opened and Knight who was lying on the bottom bed was instructed by Valdez to prone out on his stomach. Knight then stated that he is an ADA inmate and could not prone out. Knight was then instructed to walk back to the cell door slowly and he complied and was escorted by Salao to the table in the A-Pod dayroom. Harvey who was lying on the top bunk was instructed to prone out on his stomach and he complied. Harvey then crawled backwards and was placed in restraints. Harvey was escorted by Valdez to the top tier shower without incident.

I along with Officer Parsons began searching cell 103 for any possible contraband. I searched the top bed, and lifted the mattress and found one (1) inmate manufactured weapon on the bed. The weapon was in the middle of the bed which was approximately 5 inches inches in length and 1/2 in width sharpened to a point. Attached to the weapon was a white cloth sleeve and a blue cloth string laced on top to tie a noose to cover the metal. The weapon also had a blue cloth string tied on op wrapped by a rubber band to form a makeshift handle. I continued searching the cell for contraband, as I began searching

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O | | 28661 | 06/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ YES  ☐ NO | ☐ YES  ☐ NO | |

38

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

| | PAGE 2 OF 3 | INCIDENT LOG NUMBER SVP-CEN-05-06-0365 |
|---|---|---|

| NAME: LAST Diaz | FIRST A. | | MI |
|---|---|---|---|

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

**NARRATIVE:**

the lower bed I found a blue bini hat in the middle of the bed.   The hat had a clear plastic tube with a brown leafy substance (tobacco) wrapped multiple times secreted in it.  I also found in the hat a partial piece of a rubber glove that contained two small wrapped plastic bindles of what appeared to be black tar heroin.  I continued my search in the lower bed a found one (1) inmate manufactured deadly weapon on the lower right corner of the bed.  The weapon was made of metal which was bent in half and measured approximately 3" 1/4 inches in length and 3/4 inch in width sharpened to a point at the folded end. Attached to the weapon was a white paper sleeve taped with masking tape to cover the metal.  The weapon also had a white shoe lace wrapped on top, tied to a knot to form a makeshift handle.  No further contraband was discovered in the cell.

I secured the evidence and proceeded to conduct a Department of Justice presumptive drug screening test on the suspected bindles of black tar heroin.  The first bindle weighed approximately 0.17 grams and tested positive for heroin.  The second bindle weighed approximately 0.14 grams and tested positive for heroin.

The following pictures of the weapons and controlled substance found were taken in the following sequence.

1.   Overall of cell C6-103

2.   Overall view of inside cell C6-103

3.   Overall view of inside cell C6-103

4.   Close up of weapon found in the middle of the top bed with white cloth sleeve on approximately 5 inches inches in length and 1/2 in width sharpened to a point..

5.   Close up of weapon found in the middle of the top bed without white cloth sleeve approximately 5 inches inches in length and 1/2 in width sharpened to a point..

6.   Close up of blue bini hat that contained a clear plastic tube with a brown leafy substance (tobacco) wrapped multiple times.  Also a partial piece of a rubber glove that contained inside two small wrapped plastic bindles of what appeared to be black tar heroin.

7.   Close up of blue bini hat that contained a clear plastic tube with a brown leafy substance (tobacco) unwrapped.  Also a partial piece of a rubber glove opened that contained two small wrapped plastic bindles of what appeared to be black tar heroin.

8.   Close up of one (1) inmate manufactured deadly weapon on the lower right corner of the bed.  The weapon was made of metal which was bent in half and measured approximately 3 1/4 inches in length and 3/4 inch in width sharpened to a point at the folded end.  Attached to the weapon was a white paper sleeve taped with masking tape to cover the metal.

9.   Close up of one (1) inmate manufactured deadly weapon on the lower right corner of the bed.  The weapon was made of metal which was bent in half and measured approximately 3 1/4 inches in length and 3/4 inch in width sharpened to a point at the folded end.  Removed was the paper sleeve and weapon is facing a side view

[X] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # | ID # 28661 | DATE 06/14/05 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED [ ] YES [ ] NO | CLARIFICATION NEEDED [ ] YES [ ] NO | DATE |

Distribution:   Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

PAGE __3__ OF __3__

| INCIDENT LOG NUMBER |
| SVP-CEN-05-06-0365 |

| NAME: LAST | FIRST | MI |
| Diaz | A. | |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

**NARRATIVE:**

10. Close up of one (1) inmate manufactured deadly weapon on the lower right corner of the bed.  The weapon was made of metal which was bent in half and measured approximately 3 1/4 inches in length and 3/4 inch in width sharpened to a point at the folded end.  Removed was the paper sleeve and weapon is facing up to view the sharpened point.

I then secured and processed the weapons in ISU evidence locker 06A/2005 and the controlled substance in ISU evidence locker #51 pending DOJ testing results.

This concludes my report.

] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| ~~SIGNATURE OF REPORTING STAFF~~ | TITLE | BADGE # | ID # | DATE |
| | C/O | | 28661 | 06/14/05 |
| ~~NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)~~ | DATE RECEIVED | APPROVED [ ] YES [ ] NO | CLARIFICATION NEEDED [ ] YES [ ] NO | DATE |

~~Distribution:~~   Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor



STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

PAGE 1 OF 2

INCIDENT LOG NUMBER: SVP-CEN-05-06-0365

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| VALDEZ | M. | | 06/14/05 | 05:13 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 253100 | Security Squad Officer #1 | 9 YR. 2 MO. | 06/14/05 | Facility C Buildings 6 & 8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/S/H | 0800-1630 | Resisting Staff W/Force-Poss. of Weapon-Poss. of Narcotics for Sale | 3005 (c), 3006 (a) & 3016 (c) |

YOUR ROLE: [X] PRIMARY [ ] RESPONDER [ ] WITNESS [ ] VICTIM [ ] CAMERA

WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER):
C/O R. Salao (s)
C/O E. Perez (s)
C/O A. Diaz (s)

INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS):
Reese J-02950 (s)
Hunter J-06098 (s)

FORCE USED BY YOU: [ ] WEAPON [ ] PHYSICAL [X] NONE
FORCE OBSERVED BY YOU: [ ] WEAPON [ ] PHYSICAL [X] NONE

WEAPONS USED BY YOU: [ ] MINI-14 [ ] 9 MM [ ] 38 CAL [ ] SHOTGUN [ ] 37 MM [ ] 40 MM [ ] HFWRS [ ] L8 [ ] 40 MULTI [X] N/A [ ] BATON
CHEM. TYPE: [ ] OC [ ] CN [ ] CS [ ] OTHER:

SHOTS FIRED BY YOU: TYPE / NO:
37 MM, L8, 40 MM, 40 MULTI, SHOTGUN — 9 MM, 38 CAL, MINI-14 [X] N/A

EVIDENCE COLLECTED BY YOU: [X] YES [ ] NO
EVIDENCE DESCRIPTION: (1) Wooden Pipe
EVIDENCE DISPOSITION: Placed in ISU Evidence Locker 06A (2005)
BIO HAZARD: [ ] YES [X] NO
PPE: [ ] YES [X] NO

REPORTING STAFF INJURED: [ ] YES [X] NO
DESCRIPTION OF INJURY: [X] N/A
LOCATION TREATED: [X] N/A
FLUID EXPOSURE: [ ] BODILY [X] N/A [ ] UNKNOWN [ ] OTHER:
SCIF 3301 / 3067 COMPLETED: [ ] YES [X] NO

**NARRATIVE:**

On June 14, 2005, at approximately 0513, hours while conducting my duties as Security Squad Officer #1, I assisted the Security Squad in conducting multiple cell searches on Facility C, in Buildings C-6 and C-8. Upon arriving on Facility C, Security Squad Officers R. Salao, A. Diaz and myself proceeded to cell C6-103, occupied by Inmates Knight C-07508, C6-103L and Harvey H-28106, C6-103U. As we approached the cell the control booth officer was instructed to open the cell door. Once we were in front of the cell door I ordered both inmates to remain on their bunks, both inmates complied. I then ordered the inmate on the top bunk, identified as Harvey to step down of the top bunk and back up to the open cell door. Harvey complied and I placed him in handcuffs. I escorted Harvey up to the top tier shower in A-Section where I conducted an unclothed body search on him. As I conducted the unclothed body search other members of the team proceeded to cell C6-113, where it became necessary for force to be used (O.C. Pepper Spray).

Once the team had secured the inmates in cell C6-113, I proceeded to Building C-8 Cell 211. As I approached Cell 211, the control booth officer was instructed to open the cell door. Once the cell door was opened I ordered the inmate on the lower bunk identified as Hunter, J-06098, C8-211U, to back up to the cell door where I placed him in handcuffs. After Hunter was placed in handcuffs Officer E. Perez escorted him to the top tier shower in B-Section. I then ordered the inmate on the top bunk identified as Reese, J-02950, to back up to the cell door. Reese complied at which time I placed him in handcuffs and escorted him to top tier B-Section shower.

[X] CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # | ID # 2861215 | DATE 6/14/05 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 6/14/05 | APPROVED [ ]YES [ ]NO | CLARIFICATION NEEDED [ ]YES [ ]NO | DATE 6/14/05 |

Distribution: Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**

**PART C1 - SUPPLEMENT**

CDC 837-C1 (Rev. 09/03)

PAGE __2__ OF __2__

| INCIDENT LOG NUMBER |
| --- |
| SVP-CEN-05-06-0365 |

| NAME: LAST | FIRST | MI |
| --- | --- | --- |
| VALDEZ | M. | |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

NARRATIVE:

Once both Hunter and Reese were in the shower Officer Perez conducted an unclothed body search on both inmates. During the unclothed body search I noticed a dark unknown object in Reese's mouth. I then ordered Reese to remove the item from his mouth, he complied and placed it on the shower door bars. I took possession of the object which was a dark brown in color and wrapped in clear plastic. When I removed the plastic wrapping, I discovered it was a wooden pipe commonly used to smoke marijuana. After the unclothed body searches were complete Officer Perez and myself conducted a search of Cell 211, with negative results for any additional contraband. Officer Perez and I then escorted both Hunter and Reese to the Facility C program area where I placed Reese in Temporary Holding Cell # 2, without further incident. Upon returning to the Investigative Service Unit (ISU), I placed the wooden pipe into ISU Evidence Locker 06A (2005). This concludes my report.

] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
| --- | --- | --- | --- | --- |
| | C/O | | 2861215 | 6/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| --- | --- | --- | --- | --- |
| | 6/14/05 | [ ] YES [ ] NO | [ ] YES [X] NO | 6/14/05 |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

| PAGE 1 OF _____ | INCIDENT LOG NUMBER SVP-Cen-05-06-0365 |
|---|---|

| NAME: LAST Parsons | FIRST E. | MI R. | DATE OF INCIDENT 06/14/05 | TIME OF INCIDENT 05:13 |
|---|---|---|---|---|

| POST # 253103 | POSITION S & i #10 | YEARS OF SERVICE 7 YR. 3 MO. | DATE OF REPORT 06/14/05 | LOCATION OF INCIDENT Facility C Building 6&8 |
|---|---|---|---|---|

| RDO's S,S,H | DUTY HOURS 0730 - 1600 | DESCRIPTION OF CRIME / INCIDENT Resisting Staff W/Force-Poss of a Weapon-Poss of Narcotics for sale | CCR SECTION / RULE 3005b/3006a/3016c | ☐ N/A |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|
| ☒ PRIMARY | A. Diaz | Woods, D-30428 | Brown, J-75188 |
| ☐ RESPONDER | | Frye, T-05458 | Reese, J-02950 |
| ☐ WITNESS | | Knight, C-67508 | Hunter, J-06098 |
| ☐ VICTIM | | Harvey, H-28106 | |
| ☐ CAMERA | | Williams, D-05864 | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | | |
|---|---|---|---|---|---|---|
| | | | | TYPE: | NO: | NO: |
| ☐ WEAPON | ☐ MINI-14 | CHEM. TYPE: | 37 MM | | | 9 MM |
| ☐ PHYSICAL | ☐ 9 MM | ☐ OC _____ | L8 | | | 38 CAL |
| ☒ NONE | ☐ 38 CAL | ☐ CN _____ | | | | MINI-14 |
| | ☐ SHOTGUN | ☐ CS _____ | 40 MM | | | |
| FORCE OBSERVED BY YOU | ☐ 37 MM  ☐ L8 | ☐ OTHER:_____ | 40 MULTI | | | ☒ N/A |
| ☐ WEAPON | ☐ 40 MM  ☐ 40 MULTI | ☒ N/A | SHOTGUN | | | |
| ☐ PHYSICAL | ☐ HFWRS  ☐ BATON | | | | | |
| ☒ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY  ☒ N/A ☐ UNKNOWN ☐ OTHER:_____ | ☐ YES ☒ NO |

NARRATIVE:

On June 14, 2005, at about 05:13 hours while working as Squad Officer #10, I assisted with multiple cell searches, and escorting of inmates on Facility C, Yard 2, Buildings C6 and C8. At Building C6 cell 102 occupied by Inmates Woods, D-30424 and Frye, T-05458 I escorted Inmate Woods to lower A section shower and secured him in the shower. I conducted and unclothed body search of Woods and Frye with negative results. I then proceeded to Building C8, cell 211, occupied by Inmates Reese, J-02950 and Hunter, J06098. I handcuffed each inmate and escorted them to upper C section shower, and conducted an unclothed body search searched of both inmates with negative results. I then assisted Officer A. Diaz in searching cell C6, 103 occupied by Inmates Knight, C-67508 and Harvey, H-28106. I entered cell 103 to search the cell, half way through the search, cell 103 was secured, and I proceeded to escorted Inmate Frye from the lower A section shower to the Health annex for medical evaluation. I returned to building C6 and escorted Inmate Knight to Facility C Medical Office for medical evaluation. Upon returning to Building C6 I then escorted Inmate Williams to the health Annex for medical evaluation. I then returned to Building C6 and finished the search of cell 103 with Officer Diaz. During the search Officer Diaz found two inmate manufactured weapons and suspected Heroin.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # | ID # 2861113 | DATE 06/14/05 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 6/14/05 | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☒ NO | DATE 6/14/05 |

Distribution:  Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

| PAGE __1__ OF __2__ | INCIDENT LOG NUMBER |
| | SVP-CEN-05-06-0365 |

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| Perez | E. | | 06/14/05 | 05:13 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 253106 | Squad # 7 | 5 YR. 6 MO. | 06/14/05 | Facility C, Building # 6, Cell 113 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| S/S/H | 0730-1630 | Resisting Staff W/Force-Poss. Of Weapon-Poss. Of Narcs For Sale | 3005 (b),3006 (a) and 3016 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☒ PRIMARY | (S) Sgt. S. Hatton | | (S) Williams D05864 | C6-113 |
| ☐ RESPONDER | (S) C/O B. Gibbs | | (S) Brown   J75188 | C6-113 |
| ☐ WITNESS | (S) C/O D. Fragoso | | | |
| ☐ VICTIM | | | | |
| ☐ CAMERA | | | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | SHOTS FIRED BY YOU | | |
|---|---|---|---|---|

| FORCE USED BY YOU | | | | | TYPE: | NO: | | NO: |
|---|---|---|---|---|---|---|---|---|
| ☒ WEAPON | ☐ MINI-14 | | **CHEM. TYPE:** | 37 MM | | | 9 MM | |
| ☐ PHYSICAL | ☐ 9 MM | ☒ OC | 5.5 Fogger | L8 | | | 38 CAL | |
| ☐ NONE | ☐ 38 CAL | ☐ CN | | 40 MM | | | MINI-14 | |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN | ☐ CS | | 40 MULTI | | | ☒ N/A | |
| ☒ WEAPON | ☐ 37 MM  ☐ L8 | ☐ OTHER: | | SHOTGUN | | | | |
| ☒ PHYSICAL | ☐ 40 MM  ☐ 40 MULTI | ☒ N/A | | | | | | |
| ☐ NONE | ☐ HFWRS  ☐ BATON | | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

**NARRATIVE:**

On Tuesday June 14, 2005, at approximately 0513 hours, the Investigative Services Unit reported to Facility C, to conduct several cell searches. Cell searches began in Facility C building # 6, cells 102 and 103. The inmates in cell 102 and 103 complied with staff orders to exit the cell, both inmates were placed in handcuffs and escorted to the top and lower showers. I then reported to cell 113 occupied by Inmate's Williams D05864 and Brown J75188. Upon my arrival to cell 113 the control booth officer was instructed to open the cell door by Sgt. Hatton. While the cell door was opening, Officer B. Gibbs ordered Williams and Brown to remain still. Williams was standing up facing the cell door and Brown was laying on the top Bunk. Gibbs then ordered Williams several times to face the back of the cell and walk backwards towards the cell door and submit to mechanical restraints (handcuffs), with negative results. Gibbs continued to give Williams orders to turn around and submit to handcuffs which Williams ignored. Williams then reached over to the lower bunk and it appeared Williams was trying to retrieve an object from the lower bunk. At that time I administered one burst of OC 5.5 Fogger to the facial area of Williams, while staff continued to give Williams orders to submit to handcuffs, Williams continued to ignore staffs orders. Williams then stood up and made a sudden movement towards the cell door and stopped in front of the toilet. Williams flushed the toilet several times, At which time Sgt. Hatton was able to grab Williams by his shirt and pull him toward the cell door.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O | | 2862341 | 06/03/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 6/14/05 | ☒ YES  ☐ NO | ☐ YES  ☐ NO | 6/14/05 |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

PAGE __2__ OF __2__

INCIDENT LOG NUMBER
SVP-CEN-05-06-0365

| NAME: LAST | FIRST | MI |
|---|---|---|
| PEREZ | E. | |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT  [ ] CLARIFICATION OF REPORT  [ ] ADDITIONAL INFORMATION

NARRATIVE:

Williams was then placed on ground by Investigative Services Unit (ISU) staff. Williams was then placed in handcuffs and escorted to the lower shower by ISU staff. Inmate Brown was then given orders by D. Fragoso to slowly climb down from the upper bunk and submit to handcuffs, at which time Brown complied. Brown was then escorted by ISU staff to the A-Section lower shower.

I then reported to Building 8, cell 211 occupied by Inmates Reese J02950 and Hunter J06098 to perform a cell search. Upon my arrival to cell 211 the Control Booth Officer was ordered to open the cell door. Officer M. Valdez then instructed Reese and Hunter to submit to handcuffs, at which time they complied. Officer Valdez and I escorted both inmates to the top tier shower. After placing the inmates in the shower, I began to conduct an unclothed body search on Inmate Hunter, which resulted in negative results. Officer M. Valdez then ordered Reese to open his mouth, at which time Reese complied. Reese opened his mouth and Valdez noticed he was trying to conceal an object. Valdez then ordered Reese to remove the object from his mouth, Reese complied by removing the object from his mouth and placing it on the shower door. Valdez took control of the item and I finished the unclothed body search. I then assisted Valdez with the search of cell 211 with negative results. Officer Valdez and I escorted Reese and Hunter to the Medical health Annex and were place in holding cell # 1 and 2. This concludes my report.

] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O | | 2862341 | 06/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | [ ] YES [ ] NO | [ ] YES [ ] NO | |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

| | | | | | | |
|---|---|---|---|---|---|---|
| | PAGE __1__ OF __2__ | | INCIDENT LOG NUMBER SVP-CEN-05-06-0365 | | | |

| NAME: LAST Salao | | FIRST R | | MI Q | DATE OF INCIDENT 06/14/05 | TIME OF INCIDENT 05:13 |
|---|---|---|---|---|---|---|

| POST # 253104 | POSITION S & I #5 | YEARS OF SERVICE 7 YR. 3 MO. | DATE OF REPORT 06/14/05 | LOCATION OF INCIDENT Facility C Building 6 |
|---|---|---|---|---|

| RDO's S,S,H | DUTY HOURS 0730 - 1600 | DESCRIPTION OF CRIME / INCIDENT Resisting Staff w/Force, Possession of a Weapon, Dist of Narcotics | CCR SECTION / RULE ☐ N/A 3005(a), 3006(a), 3016(c) |
|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|
| ☒ PRIMARY | Sgt. S. Hatton | Knight (C-67508)(S) | Reese (J-02950)(S) |
| ☐ RESPONDER | | Harvey (H-28106)(S) | Hunter (J-06098)(S) |
| ☐ WITNESS | | Woods (D-30424)(S) | Williams (D-05864)(S) |
| ☐ VICTIM | | Frye (T-05458)(S) | Brown (J-75188)(S) |
| ☐ CAMERA | | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | | |
|---|---|---|---|---|---|---|
| ☐ WEAPON | ☐ MINI-14 | | | TYPE: | NO: | NO: |
| ☐ PHYSICAL | ☐ 9 MM | CHEM. TYPE: | 37 MM | | | 9 MM |
| ☒ NONE | ☐ 38 CAL | ☐ OC ___ | L8 | | | 38 CAL |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN | ☐ CN ___ | 40 MM | | | MINI-14 |
| ☐ WEAPON | ☐ 37 MM ☐ L8 | ☐ CS ___ | 40 MM | | | |
| ☒ PHYSICAL | ☐ 40 MM ☐ 40 MULTI | ☐ OTHER: ___ | 40 MULTI | | | ☒ N/A |
| ☐ NONE | ☐ HFWRS ☐ BATON | ☒ N/A | SHOTGUN | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER: ___ | ☐ YES ☒ NO |

**NARRATIVE:**

On Tuesday, June 14, 2005 at approximately 0513 hours while performing my duties as Investigative Services Unit (ISU) Officer #5, I assisted ISU in multiple cell searches on Facility C Building 6. ISU entered A-Pod and went to cells 102, occupied by Inmates Woods (D-30424) and Frye (T-05458) and 103, occupied by Inmates Knight (C-67508) and Harvey (H-28106). All four inmates complied to the orders that were given by staff and placed in restraints (hand cuffs). Inmates Woods and Frye were escorted to the lower A shower and secured, Inmate Harvey was escorted to the upper A shower and secured. I escorted Inmate Knight to the A-Pod day room table closest to cell 103 where he was seated, due to his mobility impairment, he was unable to walk up the stairs to the upper A shower. I then went to cell 113, occupied by Inmates Williams (D-05864) and Brown (J-75188) and assisted other ISU staff. Inmate Williams was given several orders by staff to "turn around, back up and cuff up" with negative results. Inmate Williams made a sudden movement towards the toilet and flushed an unknown object, ISU staff responded by utilizing their MK-9 and spraying Inmate Williams in the upper body and head area. Inmate Williams was given orders to "get down and cuff up", with negative results. Inmate Williams was removed from the cell and was placed in hand cuffs and escorted to the lower B pod showers by ISU staff. While I observed Inmate Brown in the upper bunk. Inmate Brown was given orders by staff to "get down and prone out on the floor". Once he was on the floor, He was placed in hand cuffs and escorted by ISU staff to lower B pod showers where he was secured with Inmate Williams.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # | ID # 2861002 | DATE 06/14/05 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 6/14/05 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☒ NO | DATE 6/14/05 |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

| | PAGE __2__ OF __2__ | INCIDENT LOG NUMBER<br>SVP-CEN-05-06-0365 |
|---|---|---|

| NAME: LAST<br>Salao | FIRST<br>R. | MI<br>Q |
|---|---|---|

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT      [ ] CLARIFICATION OF REPORT      [ ] ADDITIONAL INFORMATION

NARRATIVE:

Once all inmates were secured, I went to Building 8 to assist ISU staff with searching cell 211, occupied by Inmates Reese (J-02950) and Hunter (J-06098). Both Inmates complied with the orders given by staff and were placed in hand cuffs and escorted to the upper B pod showers and secured. I was instructed by ISU Sergeant S. Hatton to escort inmates up to the Facility C Health Services Annex. I escorted Inmate Williams (D-05864) to the Health Services Annex and he was placed in a holding cell. I then went back to Building 6 and escorted Inmate Woods (D-30424) to the Health Services Annex and he was placed in a holding cell. I went back a third time to Building 6 and escorted Inmate Knight (C-67508) to the Medical Technical Assistant's (MTA) office and placed him in the MTA holding cell. Once I completed all escorts, I continued assisting searching cells 103 and 113 with negative results. This concludes my report.

CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE<br>C/O | BADGE # | ID #<br>2861002 | DATE<br>06/14/05 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED<br>6/14/05 | APPROVED<br>[X] YES [ ] NO | CLARIFICATION NEEDED<br>[ ] YES [X] NO | DATE<br>6/14/05 |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

| PAGE __1__ OF __2__ | INCIDENT LOG NUMBER SVP-CEN-05-06-0365 |
|---|---|

| NAME: LAST JACKSON | FIRST J. | MI V. | DATE OF INCIDENT 06/14/05 | TIME OF INCIDENT 05:13 |
|---|---|---|---|---|

| POST # 253105 | POSITION S&I # 6 | YEARS OF SERVICE 7 YR. 5 MO. | DATE OF REPORT 06/14/05 | LOCATION OF INCIDENT Facility C, Building # 6, Cell # 113 |
|---|---|---|---|---|

| RDO's S/S/H | DUTY HOURS 0730-1600 | DESCRIPTION OF CRIME / INCIDENT Resisting Staff s/force-Poss. of weapon- Poss. of narcs for sale | CCR SECTION / RULE 3005 (b) / 3006 (a) / 3016 (c)  ☐ N/A |
|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☒ PRIMARY | Sgt. S. Hatton | (S) | Williams D05864 (S) | Frye T05458 (S) |
| ☐ RESPONDER | C/O B. Gibbs | (S) | Brown J75188 (S) | |
| ☐ WITNESS | C/O R. Salao | (S) | Knight C07508 (S) | |
| ☐ VICTIM | | | Harvey H28106 (S) | |
| ☐ CAMERA | | | Woods D30424 (S) | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | | SHOTS FIRED BY YOU | | | |
|---|---|---|---|---|---|---|---|
| ☒ WEAPON | ☐ MINI-14 | CHEM. TYPE: | | TYPE: | NO: | | NO: |
| ☒ PHYSICAL | ☐ 9 MM | ☒ OC MK-9 | | 37 MM _____ | | 9 MM _____ | |
| ☐ NONE | ☐ 38 CAL | ☐ CN _____ | | L8 _____ | | 38 CAL _____ | |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN | ☐ CS _____ | | 40 MM _____ | | MINI-14 _____ | |
| ☐ WEAPON | ☐ 37 MM  ☐ L8 | ☐ OTHER: _____ | | 40 MULTI _____ | | ☒ N/A | |
| ☒ PHYSICAL | ☐ 40 MM  ☐ 40 MULTI | ☐ N/A | | SHOTGUN _____ | | | |
| ☐ NONE | ☐ HFWRS  ☐ BATON | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES  ☒ NO | ☒ N/A | ☒ N/A | ☐ YES  ☒ NO | ☐ YES  ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES  ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A  ☐ UNKNOWN  ☐ OTHER: _____ | ☐ YES  ☒ NO |

**NARRATIVE:**

On June 14, 2005, at approximately 0513 hours, while performing my duties as Security Squad Officer # 6, I reported to Facility C, Building # 6, to perform a series of cell searches. The cell searches began with cell 102 and 103. Cell 102 was occupied by Inmate Woods D30424/C6-102 and Inmate Frye T05458/C6-102. Cell 103 was occupied by Inmate Knight C07508/C6-103 and Inmate Harvey H28106/C6-103. Both cells were opened simultaneously and the inmates were ordered to submit to handcuffs at which time they complied. I handcuffed Inmate Harvey and he was removed from the cell and secured in the upper A-Pod shower. I placed the handcuffs on Inmate Knight in the front due to the fact he is DPM. Officer R. Salao and I escorted Knight to a table in A-Pod where we relinquished custody of him to Facility C staff. The cell searches continued to C6-113 which was occupied by Inmate Williams D05864/C6-113 and Inmate Brown J75188/C6-113. Upon arriving at the cell the Control Booth Officer was instructed to open the cell door. Once the door was opened I observed Inmate Williams standing between the bunks and toilet. Correctional Officer B. Gibbs ordered Williams to back up to the cell entrance and submit to handcuffs with negative results. Officer Gibbs continued to order Williams to back up to the cell entrance and submit to handcuffs with negative results. Williams suddenly made an abrupt movement towards the lower bunk at which time I utilized my MK-9 Oleoresin Capsicum (OC). Williams grabbed an unknown object from the lower bunk and began running towards the cell entrance. Once Williams reached the cell entrance he tossed the unknown object in the toilet and began flushing repeatedly. Officer B. Gibbs ordered Williams to get on the ground and prone out with negative results.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # | ID # 286930 | DATE 06/14/05 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 6/14/05 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE 6/14/05 |

Distribution:  Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

| PAGE 2 OF 2 | INCIDENT LOG NUMBER SVP-CEN-05-06-0365 |

| NAME: LAST JACKSON | FIRST J. | MI V. |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

**NARRATIVE:**

Sergeant S. Hatton was able to grab Williams by his shirt and pull him out of the cell. Once Williams was out of the cell I grabbed both of Williams's shoulders with my hands and forced him to the ground. While on the ground I maintained control of William's left arm until handcuffs were applied. Williams was escorted to the lower B-Pod shower without further incident. This concludes my report.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # | ID # 286930 | DATE 06/14/05 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 6/14/05 | APPROVED [X] YES [ ] NO | CLARIFICATION NEEDED [ ] YES [ ] NO | DATE 6/14/05 |

tribution   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

NAME and NUMBER    HARVEY, H-28706    CDC - 128B (Rev. 4/74)

Case # SVP-CEN-05-06-0365, dated 6/14/2005, 115 Log # S05-06-0014 was referred to the Investigative Services Unit (ISU) for referral to the District Attorney's Office. Upon review of this case, prosecution referral has been declined and disciplinary action deemed best handled on an Administrative level.

☐ Accepted by the D.A.
☐ Rejected by the D.A.
☒ Declined by I.S.U.

cc:    C-File
       Inmate
       115 Desk
       ISU case file
       Facility CCII

ISU STAFF
Salinas Valley State Prison

Date: 8/16/2005        (DISTRICT ATTORNEY REFERRAL)        GENERAL CHRONO

ASSOCIATE WARDEN, OPS

I/M copy

304 Sent To Records On _____ By _____

DEPARTMENT OF CORRECTIONS

# JLES VIOLATION REPORT

| NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| -28106 | HARVEY | | | SVSP | C5-103U | S06-03-0033 |

| ATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| RS 3005(a) / 3016(c) | POSSESSION OF A DEADLY WEAPON POSS. OF A CONTROLLED SUBSTANCE | Fac.'C'Bld.#6 | 03/03/06 | 0513 HRS. |

CUMSTANCES

s RVR Log #S06-06-0014, is being ordered Re-issued / Re-heard per memorandum authored by C. Noll, Chief Disciplinary icer, dated 03/03/06.

On June 14, 2005, at approximately 0513 hours, while performing my duties as Security Squad Officer #3, was assisting the Investigative Services Unit Officer's E. Parsons, M. Valdez and R. Salao with a cell search on ility 'C' Building #6. As we approached C6 Building cell #103, the Control Booth Officer was instructed to open cell door. Cell #103 was occupied by Inmates Knight (C-07508, C5-103L) and HARVEY (H-28106, C5-103U). The door ned and Knight who was lying on the bottom bed was instructed by Valdez to prone out on his stomach. Knight then ted that he is an ADA inmate and could not prone out. Knight was then instructed to walk back to the cell door wly and he complied, and he was escorted by Officer Salao to the table in the A-pod dayroom. Inmate HARVEY who was ng on the top bunk was instructed to prone out on his stomach and he complied. Inmate HARVEY then crawled backwards was placed in restraints. Inmate HARVEY was escorted by Valdez to the top tier shower without incident.

                                        (CONTINUED ON PART C)

nate HARVEY is / (is not) a participant in the Mental Health Services Delivery System.

| ORTING EMPLOYEE (Typed Name and Signature) | | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|---|
| A. Diaz, Correctional Officer (ISU) | | | | Security Squad #3 | |

| VIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | LOC. |
|---|---|---|---|---|---|

| SSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO | |
|---|---|---|---|---|---|---|
| ADMINISTRATIVE SERIOUS | 1-181 200 | 3/27/0 | C.R. Salazar | | ☐ HO  ☐ SHO  ☐ SC  ☐ FC | |

COPIES GIVEN INMATE BEFORE HEARING

| CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | DATE | TIME |
|---|---|---|---|---|---|---|---|
| -03-0033R | ▶ | | 1550 | | | | |

| INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|---|---|---|
| -06-06-0365 | ▶ | | 1550 | ▶ | | | |

ARING

| FERRED TO  ☐ CLASSIFICATION        ☐ BPT/NAEA | | | | | | |
|---|---|---|---|---|---|---|
| TION BY: (TYPED NAME) | | | SIGNATURE ▶ | | DATE | TIME |
| VIEWED BY: (SIGNATURE) | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ | | DATE | |
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME |

DC 115 (7/88)                                                                                    (51.)

TE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
...ES VIOLATION REPORT - PART C
PAGE _2_ OF _2_

| NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| -28108 | HARVEY | S06-03-0033R | SVSP | 03/03/06 |

SUPPLEMENTAL ☐ CONTINUATION OF: ☒ 115 CIRCUMSTANCES ☐ HEARING ☐ IE REPORT ☐ OTHER_____

I along with Officer Parsons began searching cell #103 for any possible contraband. I searched the top bed, and lifted the mattress and found one (1) Inmate Manufactured Weapon on the bed. The weapon was in the middle of the bed which was approximately 5 inches in length and 1/2 inch width sharpened to a point. Attached to the weapon was a white cloth sleeve and a blue cloth string laced on top to tie a noose to cover the metal. The weapon also had a blue cloth string tied on top wrapped by a rubber band to form a makeshift handle. I continued searching the cell for contraband. As I began searching the lower bed I found a blue bini hat in the middle of the bed. The hat had a clear plastic tube with a brown leafy substance (tobacco) wrapped multiple times secreted in it. I also found in the hat a partial piece of rubber glove that contained two small wrapped plastic bindles of what appeared to be black heroin. I continued my search in the lower bed and found one (1) Inmate Manufactured Deadly Weapon on the lower right corner of the bed. The weapon was made of metal which was bent in half and measured approximately 3" 1/4 inches in length and 3/4 inch in width, sharpened to a point at the folded end. Attached to the weapon was a white paper sleeve taped with masking tape to cover the metal. The weapon also had a white shoe lace wrapped on top, tied to a knot to form a makeshift handle. No further contraband was discovered in the cell. I proceeded to photograph all of the evidence found in cell 06-103 in its original state of discovery.

I secured the evidence and proceeded to conduct a Department of Justice (DOJ) presumptive Drug Screening Test on the suspected bindles of black heroin. The first bindle weighed approximately 0.17 grams and tested positive for heroin. The second bindle weighed approximately 0.14 grams and tested positive for heroin.

I then secured and processed the weapons and photographs into ISU Evidence Locker 06A/2305 and the controlled substance in ISU Locker #51 pending DOJ results. This concludes my report.

Inmate HARVEY is aware of this report.

A. Diaz, Correctional Officer (ISU)

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

115-C (5/95)

 OSP 99 25082

(52)

804 ·Sent To Records On _9·21·06_ By _40 OKuyE_

ATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

## JLES VIOLATION REPORT

| NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| -28106 | HARVEY | | 6/10/04 | SVSP | C6-103U | S06-03-0033l |
| CRS 3005(a) / 3016(e) | SPECIFIC ACTS POSSESSION OF A DEADLY WEAPON POSS. OF A CONTROLLED SUBSTANCE | LOCATION Fac.'C'Bld.#6 | | | DATE 03/03/06 | TIME 0513 HRS. |

CUMSTANCES

s RVR Log #S06-06-0014, is being ordered Re-issued / Re-heard per memorandum authored by C. Noll, Chief Disciplinary
ficer, dated 03/03/06.

On June 14, 2005, at approximately 0513 hours, while performing my duties as Security Squad Officer #8,
was assisting the Investigative Services Unit Officer's E. Parsons, M. Valdez and R. Salao with a cell search on
ility 'C' Building #6.  As we approached C6 Building cell #103, the Control Booth Officer was instructed to open
cell door.  Cell #103 was occupied by Inmates Knight (G-07503, C5-103L) and HARVEY (H-28106, C6-103U).  The door
ned and Knight who was lying on the bottom bed was instructed by Valdez to prone out on his stomach.  Knight then
ited that he is an ADA Inmate and could not prone out.  Knight was then instructed to walk back to the cell door
wly and he complied, and was escorted by Officer Salao to the table in the A-pod dayroom.  Inmate HARVEY who was
ng on the top bunk was instructed to prone out on his stomach and he complied.  Inmate HARVEY then crawled backwards
was placed in restraints.  Inmate HARVEY was escorted by Valdez to the top tier shower without incident.

(CONTINUED ON PART C)

ate HARVEY is / (is not) a participant in the Mental Health Services Delivery System.

| ORTING EMPLOYEE (Typed Name and Signature) | | DATE 3/22/06 | ASSIGNMENT Security Squad #8 | RDO'S |
|---|---|---|---|---|
| A. Diaz, Correctional Officer (ISU) | | | | |

| IEWING SUPERVISOR'S SIGNATURE L. A. Ferry | | DATE 3-22-06 | ☐ INMATE SEGREGATED PENDING HEARING DATE | LOC: |
|---|---|---|---|---|
| SSIFIED ADMINISTRATIVE SERIOUS | OFFENSE DIVISION: A 1- 131-360 | DATE 3/27/06 | ▶ CLASSIFIED BY (Typed Name and Signature) G R Salazon Ct | HEARING REFERRED TO ☐ HO ☐ SHO ☐ SC ☐ FC |

### COPIES GIVEN INMATE BEFORE HEARING

| CDC 115 -03-0033R | BY: (STAFF'S SIGNATURE) | DATE 3/22/06 | TIME 1550 | TITLE OF SUPPLEMENT CDC 115 + Pict'ing |
|---|---|---|---|---|
| INCIDENT REPORT LOG NUMBER: l-05-06-0365 | BY: (STAFF'S SIGNATURE) | DATE 3/24/06 | TIME 1550 | BY: (STAFF'S SIGNATURE) |

a: NOT GUILTY.

dings: Inmate HARVEY was found GUILTY of CCR §3006(a), specifically "Possession Of A Deadly Weapon" a Division
1" offense.  This finding is based on the preponderance of evidence presented at the hearing which does substantiate
charge.  The evidence presented at the hearing included:  SEE CDC-115-C.

position: Inmate HARVEY assessed 00 days forfeiture of credits due to the loss of time constraints.

itional Disposition:  Inmate HARVEY was counseled, warned and reprimanded.

ssification Referral:  Refer to ICC for possible SHU assessment.

| FERRED TO ☐ CLASSIFICATION     ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| TION BY: (TYPED NAME) O. Bennett, Correctional Lieutenant | | SIGNATURE ▶ | | DATE 10/19/ | TIME 1050 |
| VIEWED BY: (SIGNATURE) F. Rankin, Captain | DATE 10-27-06 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ G. Lewis, CDO. | | DATE 11/6/06 | |
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ CO OKuye | | DATE 11/8/06 | TIME 1015 |

C 115 (7/88)

(53.)

OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
PAGE 2 OF 3

**S VIOLATION REPORT - PART C**

| JMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| 81... | HARVEY | S06-03-0033R | S.V.S.P. | 10/19/06 |

UPPLEMENTAL ☐ | ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____

ng: 10/19/06.    Time: 1050 hours.    Any Postponement Explained: None.

e's Health: Inmate HARVEY stated his health was good. MHSDS: Inmate HARVEY **is not** a participant in the Mental n Services Delivery System.

of Discovery: 06/14/05.    Re-Issue / Re-Hear date: 03/03/06.    Initial RVR copy issued on: 03/22/06.
ing started on: 10/19/06.    Last document issued to inmate on: 05/02/06.
postponed date: 03/22/06.    D.A. results issued date: 03/23/06.    Time Constraints: Not met.

E Assistant: A Staff Assistant was not assigned per CCR §3315(d)(2).

e HARVEY's TABE score is above 4.0 as indicated in his C-file.

stigative Employee: On 03/28/06, Correctional Officer C. Reyes was assigned as the Investigative Employee.

Referral: This matter was referred to the District Attorney's office during the original adjudication of this
Inmate HARVEY requested his hearing be postponed, pending the outcome of the referral, as indicated by his
ature on the CDC-115A, dated 03/22/06. However, this SHO notes that on 12/21/05, notice was received from the
rict Attorney indicating the case had been rejected.

ence Requested: Inmate HARVEY did not request any evidence at the hearing.

rnal/Outside Evidence: None. Video Tape Evidence: N/A.

te Plea and Statement: Inmate HARVEY entered a plea of NOT GUILTY and submitted the following written statement,
Quillie Harvey, plead not guilty. The SHO cannot make a fair and impartial judgment because of the time lapse.
1 unable to put on evidence due to the transfer of witnesses and the incomplete reports by I.S.U., I was not given
requested evidence, the 1030 says an anonymous note, that is not confidential. I should have been provided with
py of this note."

esses Requested: Inmate HARVEY requested Inmate White as a witness, however, could not provide a CDC number or
institution to which this inmate transferred. Due to this lack of information, no witnesses were summoned to this
ing.

ess Testimony at Hearing: None.

idential Information: Confidential information was not used at this hearing, even though a CDC-1030 was issued.

tinued On Part C)

Final copy Acckayes 11/8/06 @ 1015

J.D. Bennett, Correctional Lieutenant

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | | | 10/19/06 |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

: 115-C (5/95)

OSP 99 25082

54.

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**ES VIOLATION REPORT - PART C**                                                      PAGE __3__ OF __3__

| NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| 28106 | HARVEY | S06-03-0033R | S.V.S.P. | 10/19/06 |

SUPPLEMENTAL ☐ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER_____

**dings:** Inmate HARVEY is found GUILTY of "Possession Of A Deadly Weapon." This finding is based upon the following ponderance of evidence:

RVR Log #S06-03-0033R authored by Correctional Officer A. Diaz, which states in part, "On June 14, 2005, at roximately 0513 hours, while performing my duties as Security Squad Officer #8, I was assisting the Investigative rices Unit Officers E. Parsons, M. Valdez and R. Salao with a call search on Facility 'C' Building #6. As we roached C6 Building cell #103, the Control Booth Officer was instructed to open the cell door. Cell #103 was pied by Inmates Knight (G-07508, C6-103L) and HARVEY (H-28106, C6-103U). The door opened and Knight who was lying the bottom bed was instructed by Valdez to prone out on his stomach. Knight then stated that he is an ADA Inmate could not prone out. Knight was then instructed to walk back to the cell door slowly and he complied, and was rted by Officer Salao to the table in the A-pod dayroom. Inmate HARVEY who was lying on the top bunk was instructed prone out on his stomach and he complied. Inmate HARVEY then crawled backwards and was placed in restraints. Inmate VEY was escorted by Valdez to the top tier shower without incident. I along with Officer Parsons began searching l #103 for any possible contraband. I searched the top bed, and lifted the mattress and found one (1) Inmate afactured Weapon on the bed. The weapon was in the middle of the bed which was approximately 5 inches in length 1/2 inch width sharpened to a point. Attached to the weapon was a white cloth sleeve and a blue cloth string laced top to tie a noose to cover the metal. The weapon also had a blue cloth string tied on top wrapped by a rubberband form a makeshift handle."

CDC-837 Supplemental Report Log #SVP-CEN-05-06-0365 authored by Correctional Officer E. Parsons, which states in :, "I then returned to Building C6 and finished the search of cell 103 with Officer Diaz. During the search Officer z found two Inmate Manufactured Weapons and suspected Heroin."

**clusion:** This SHO notes that Inmate HARVEY is being charged with being in Possession Of A Deadly Weapon and session Of A Controlled Substance, both of which were discovered during the same cell search. Therefore, this SHO ds a sufficiency of evidence in rendering Inmate HARVEY guilty of being in possession of a deadly weapon which is more serious of the charged offenses. This finding is based on the Rules Violation Report that documents the covery of a deadly weapon under the upper bunk's mattress. At the time of the search, Inmate HARVEY was assigned the upper bunk of cell C6-103, this is further supported by the Reporting Employee's eyewitness account wherein observed Inmate HARVEY laying on the upper bunk when the cell search was initiated.

**itional Disposition:** This Rules Violation Report was ordered Re-Issued / Re-Heard by C.D.O. C. Noll on 03/03/06. re are due process issues which are addressed throughout the hearing process. This RVR was assigned to this SHO 10/18/06, after an extensive delay in being heard. The original hearing did not include the mandated imposition CR §3315(f)(4), therefore it was not imposed at this hearing.

**ry Concerns:** None.

**eal Rights:** Inmate HARVEY was advised of his appeal rights per CCR §3084.1(a). Inmate HARVEY was advised he will eive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer.

_Final copy Goo CR RVR8   11/8/06 @ 1015_

J.D. Bennett, Correctional Lieutenant

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | | | 10/19/06 |
| | GIVEN BY (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☐  COPY OF CDC 115-C GIVEN TO INMATE | | | |

: 115-C (5/95)                                                         OSP 99.25082

(55)

# ERIOUS RULES VIOLATION REPORT

| I-28105 | INMATE'S NAME HARVEY | VIOLATED RULE NO(S). CCR§ 3005(a)/3016(c) | DATE 03/03/06 | INSTITUTION SVSP | LOG NO. S06-03-0033R |
|---|---|---|---|---|---|

FERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☒ YES  ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| ] I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ] I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ *Phillie Harvey* | DATE 3-22-06 |

| E NOTICE OF OUTCOME RECEIVED 12/21/05 | DISPOSITION *Rejerkc by D.A.* | | |
|---|---|---|---|
| ] I REVOKE my request for postponement. | | INMATE'S SIGNATURE ▶ | DATE |

## STAFF ASSISTANT

| AFF ASSISTANT REQUESTED | ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|---|
| ASSIGNED | DATE | NAME OF STAFF | |
| NOT ASSIGNED | REASON *DNMc per CCR 3315 (d)2)* | | |

## INVESTIGATIVE EMPLOYEE

| ESTIGATIVE EMPLOYEE REQUESTED | ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ *Phillie Harvey* | DATE 3-22-06 |
|---|---|---|---|
| ASSIGNED | DATE 03/28/06 | NAME OF STAFF C. Reyes, Correctional Officer | |
| NOT ASSIGNED | REASON | | |

DENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

NESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☐ NONE

| NESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |

ESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, umenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

1 03/28/06, I was assigned as Investigative Employee for CDC-115 Log #S06-03-0033R. I informed Inmate HARVEY of / assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. mate HARVEY stated that he had no objection to my serving in this capacity.

EFENDANT'S STATEMENT: On 03/28/06, I interviewed Inmate HARVEY and he stated the following: "I have questions for itnesses." Inmate HARVEY also submitted written questions to be asked of staff witnesses.

PORTING EMPLOYEE'S STATEMENT: On 04/05/06, I interviewed Correctional Officer A. Diaz and the officer provided he following statement: "I conducted a cell search of Knight and Harvey. While in the cell I found on the top unk under the mattress, an Inmate Manufactured Weapon sharpened to a point. On the bottom bunk on the right end op corner, I found a weapon folded in half with a sharp point. The weapon was covered with a paper sleeve. Also, ound on the bottom bunk inside a beanie cap, was two plastic bundles of black heroin tar and tobacco. I processed ll evidence into evidence and the heroin was submitted to the D.O.J."

*Final copy CCormupes  11/8/06 @ 1915*

|ontinued On Part C) | | C. Reyes, Correctional Officer | |
|---|---|---|---|
| | | INVESTIGATOR'S SIGNATURE ▶ *CCormupes* | DATE 4/17/06 |
| COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 1550 | DATE 3/22/06 |

C 115-A (7/88)  *If additional space is required use supplemental pages —*  OSP 03 748  (56.)

.E OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
.ES VIOLATION REPORT - PART C                                      PAGE ___ OF ___

| NUMBER ~28~6 | INMATE'S NAME HARVEY | LOG NUMBER SO6-03-0033R | INSTITUTION SVSP | TODAY'S DATE 03/28/06 |

| SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHER_____ |

__AFF WITNESSES' STATEMENT:__

Interviewed Correctional Lieutenant R.L. Martinez and asked the following questions provided by Inmate HARVEY:
How did you become a part of the extraction searches?
I.S.U. and I.G.I. are the same unit.

What were your working hours on 06/14/05?
Varies.

You were not on the scene until 45 minutes after my cell had started being searched, true or false?
I was there from start to finish on cell searches I.S.U. and I.G.I. conducted.

further questions were asked of Lieutenant Martinez.


Interviewed Correctional Lieutenant G.D. Jordan and asked the following questions provided by Inmate HARVEY:
This information you received, that my cell had contraband, what kind of information was this?
The information was anonymous.

What date did you receive this information?
The day before the searches.

What made this information credible that you acted on it?
The contraband found in cells during searches made it credible.

You were not in my cell until 45 minutes after my cell had started being searched, true or false?
Irrelevant.

Why didn't you order your officers to video tape these extractions per use of force policy?
This was not a calculated cell extraction, you exited your cells as ordered.

further questions were asked of Lieutenant Jordan.


Interviewed Correctional Sergeant S. Hatton and asked the following questions provided by Inmate HARVEY:
Why didn't you put everything that happened on 6/14/05 in the incident report?
Everything was mentioned.

All of the participating I.S.U. officers work hours range from 7:30am to 1600 or 8:00am to 1630, true?
True.

further questions were asked of Sergeant Hatton.


ntinued On Part C)         •              C. Reyes, Correctional Officer

| SIGNATURE OF WRITER _C. Reyes_ | | DATE SIGNED 4/17/06 |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

Final Copy C. Reyes   11/8/06   1015

115-C (5/95)                                                        OSP:98 25082

TE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS
                                                                         PAGE __3__ OF __3__
.ES VIOLATION REPORT - PART C

| NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| 1-28106 | HARVEY | SO6-03-0033R | SVSP | 03/28/06 |

| SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHER_____ |

**Staff Witnesses' Statement (Continued)**

interviewed Correctional Officer J.V. Jackson and asked the following questions provided by Inmate HARVEY:
: When you came to get me from the shower didn't you accuse me of fishing while I was in there?
  I don't remember.

When you escorted me didn't you say 'Yall think you got away with something?
Don't recall.

Didn't you batter as you escorted me across the yard to the program?
I don't understand the question.

Why did you leave out that you escorted me to the Health Annex in your report?
Per my report, I did not escort you to Health Annex.

further questions were asked of Officer Jackson.

**vestigative Employee Statement:**

mate HARVEY requested all reports, photos of narcotics and photos of weapon. All reports were issued, this would
the incident package. The incident package has everyone's reports and what transpired on that day. Upon completion
the I.E. Report Inmate HARVEY will receive photos of weapons and drugs that were found in his cell. Also, Inmate
RVEY requested this I.E. to interview two inmates in C6-105. On 04/05/06, I attempted to interview said inmates.
.e there, I approached cell 105 in C6 and both inmates were no longer in cell 105. I was told they were no longer
.used there. On 04/06/06, I spoke with Inmate HARVEY and told him the inmates he wanted questioned were no longer
C6-105 and that I was told they had transferred. Furthermore, Inmate HARVEY did not provide the names of the inmates
.r did he provide CDC numbers to assist in locating them.

porting Employee requested at the hearing:    No
.vestigative Employee requested at the hearing:  No
.aff / Inmate witnesses requested at the hearing:  No
.itional information in Confidential Reports:  No

*Final copy    CWCReyes   11/8/06 ⓒ 1015*

                    C. Reyes, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| *CWCReyes* | | *4/7/06* |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

115-C (5/95)



OSP 99 25082
58

(41)



CFN · 0506 · 0365







(45)



(61)

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

## NOTICE OF CLASSIFICATION HEARING
### CDC 128 - B1 (Rev 2/95)

| INMATE NAME | CDC NUMBER | TODAY'S DATE |
|---|---|---|
| HARVEY | H-28106 | 10/19/05 |

YOU WILL APPEAR BEFORE A CLASSIFICATION COMMITTEE ON ___A S A P___ FOR CONSIDERATION OF A MAJOR PROGRAM CHANGE AS FOLLOWS:

☐ TRANSFER - - - - - - - - ☐ INCREASE IN CUSTODY - - - - ☐ ASSIGNMENT TO SECURITY HOUSING -

☐ REMOVAL FROM PROGRAM    ☒ OTHER    SHU Assessment.

REASON:

On 10/19/06, Inmate HARVEY, H-28106, appeared before Correctional Lieutenant J.D. Barnett, Senior Hearing Officer, for a CDC-115 hearing concerning Rules Violation Report, Log #S05-09-0033?, charging him with the specific act of "Possession Of A Deadly Weapon." Inmate HARVEY was found GUILTY and is referred to I.C.C. for: **SHU Assessment.**

| STAFF'S NAME | | |
|---|---|---|
| J.D. Barnett, Correctional Lieutenant | Senior Hearing Officer | S.V.S.P. |

ROUTING INSTRUCTIONS: ORIGINAL - CLASSIFICATION COMMITTEE    COPY - INMATE

NAME AND NUMBER: **KNIGHT**            CDC #: **C-07508**            CDC 128B (Rev. 4/74)

On June 14, 2005, I was conducting a cell search on Facility 'C' Building 6, cell 103 occupied by Inmates KNIGHT, C-07508 and HARVEY, H-28106.  Inmate KNIGHT, who was already escorted out of his cell prior to the search, was placed in A-Pod section table seat.  As I began searching cell 103, I saw KNIGHT get up from the table seat, and run to cell 104 throwing an unknown object under the door.  I quickly yelled to KNIGHT to get down and he ran back to the table and sat on the seat.  I informed KNIGHT that he stated earlier he was an ADA inmate and could not prone out.  I subsequently asked KNIGHT if he could not prone out, how he could be running back and forth with no restrictions or limitations.  KNIGHT refused to answer my question.

A. DIAZ, Correctional Officer
Security Squad #8
Salinas Valley State Prison


DATE: 6/14/05                    (GENERAL INFORMATION)                    GENERAL CHRONO

(64)

CDC - 128B (Rev. 4/74)

NAME and NUMBER    KNIGHT, C-07508

Case  # SVP-CEN-05-06-0365, dated 6/14/2005, 115 Log # _____ was referred to the Investigative Services Unit (ISU) for referral to the District Attorney's Office.   Upon review of this case, prosecution referral has been declined and disciplinary action deemed best handled on an Administrative level.

☐    Accepted by the D.A.
☐    Rejected by the D.A.
☒    Declined by I.S.U.

cc:    C-File
       Inmate
       115 Desk
       ISU case file
       Facility CCII

ISU STAFF
Salinas Valley State Prison

Date: 8/16/2005          (DISTRICT ATTORNEY REFERRAL)          **GENERAL CHRONO**

---

NAME AND NUMBER: **KNIGHT**          CDC #: **C-07508**          CDC 128B (Rev. 4/74)

On June 14, 2005, I was conducting a cell search on Facility 'C' Building 6, cell 102, when I heard loud noises coming from the A-Pod section.  I quickly stepped out of the cell, and observed Inmate KNIGHT, C-07508 running back from cell 104 to the table seat in A-Pod section and sit down.



B. DE LOS SANTOS, Correctional Officer
Security Squad #9
Salinas Valley State Prison

DATE: 6/14/05          (GENERAL INFORMATION)          **GENERAL CHRONO**

65.

# ERIOUS RULES VIOLATION REPORT

| C NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| C-07508 | KNIGHT | CCR§ 3005(a)/3016(c) | 03/03/06 | SVSP | S06-03-0032R |

FERRAL : OR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☒ YES  ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☑ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ *C. Knight* | DATE *3/22/06* |

| TE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| 8/12/05 | *Declined by ISU* |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | |

## STAFF ASSISTANT

| AFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ *C. Knight* | *3/22/06* |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON *DNM per ccr 3315(d)(2)* | | |

## INVESTIGATIVE EMPLOYEE

| VESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☑ REQUESTED | ☐ WAIVED BY INMATE | ▶ *C. Knight* | *3/22/06* |
| ☑ ASSIGNED | DATE 03/28/06 | NAME OF STAFF C. Reyes, Correctional Officer | |
| ☐ NOT ASSIGNED | REASON | | |

IDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

TNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☐ NONE

| TNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |

VESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting e testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 03/28/06, I was assigned as Investigative Employee for CDC-115 Log #S06-03-0032R. I informed Inmate KNIGHT of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate KNIGHT stated that he had no objection to my serving in this capacity.

**DEFENDANT'S STATEMENT:** On 03/28/06, I interviewed Inmate KNIGHT and he chose not to make a statement. However, Inmate KNIGHT submitted written questions to be asked of Reporting Employee Correctional Officer A. Diaz, staff and inmate witnesses.

**REPORTING EMPLOYEE'S STATEMENT:** On 03/29/06, I interviewed Correctional Officer A. Diaz and asked the following questions provided by Inmate KNIGHT:

Q: You reported that you and Parsons searched cell 06-103, is that true?
A: Yes.

Q: Did any other officers enter 06-103 while you were searching that cell?
A: No.

Q: Was Parsons with you from the beginning of the search of cell 06-103 to the end of the search?
A: Yes.

(Continued On Part C)

| | INVESTIGATOR'S SIGNATURE ▶ C. Reyes, C/O | DATE |
|---|---|---|
| ☑ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME /5<0 | DATE 3/22/0 |

CDC 115-A (7/88)   — *If additional space is required use supplemental pages* —

OSP 03 748

.TE OF CALIFORNIA
LES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE____OF____

| .NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| -07509 | KNIGHT | S06-03-0032R | SVSP | 03/28/06 |

[ ] SUPPLEMENTAL    [X] CONTINUATION OF:    [ ] 115 CIRCUMSTANCES    [ ] HEARING    [X] IE REPORT    [ ] OTHER_____

eporting Employee Continued)

Were you alone at any time during the search of cell C6-103?
No.

Did you make the discovery of weapons and narcotics in the presence of Parsons?
Yes.

You responded to the incident in the dayroom when C/O Troncoso said I kicked something under the door of C6-103, is that correct?
What incident are you referring to?

Were you instructed by your superiors to not report the incident in the dayroom?
No.

Why didn't you include in any of your reports the dayroom incident?
What incident are you referring to?

Did you have the alleged discovered weapons photographed in the exact place / spot where you claim you found them?
Yes.

 further questions were provided for Officer Diaz.

rrectional Officer Diaz further made the following statement: "I conducted a cell search of Knight and Harvey. While
 the cell I found on the top bunk under the mattress, an Inmate Manufactured Weapon sharpened to a point. On the
ttom bunk on the right end top corner, I found a weapon folded in half with a sharp point. The weapon was covered
th a paper sleeve. Also, found on the bottom bunk inside a beanie cap, was two plastic bundles of black heroin tar
d tobacco. I processed all evidence into evidence and the heroin was submitted to the D.O.J."

**AFF WITNESSES' STATEMENT:**

interviewed Correctional Lieutenant R.L. Martinez and asked the following questions provided by Inmate KNIGHT:
    Since you were not present at the onset of the extraction / searches, how did you confirm the events described
 the CDC 837-A1, dated 6/14/05?
    Accumulated reports.

    What did I.G.I. have to do with the extraction / search of cell C6-103?
    I.S.U. and I.G.I. are part of the same unit.

 further questions were asked of Lieutenant Martinez.

ontinued On Part C)

                    C. Reyes, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

[ ] COPY OF CDC 115-C GIVEN TO INMATE

C 115-C (5/95)

OSP 99 25082

TE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
LES VIOLATION REPORT - PART C                                      PAGE __3__ OF __3__

| NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| -07508 | KNIGHT | S06-03-0032R | SVSP | 03/28/06 |

| SUPPLEMENTAL | [x] | CONTINUATION OF: | [ ] 115 CIRCUMSTANCES | [ ] HEARING | [x] IE REPORT | [ ] OTHER_____ |

**taff Witnesses' Statement Continued)**

Interviewed Correctional Lieutenant G.D. Jordan and asked the following questions provided by Inmate KNIGHT:

   If information was received which you alleged prompted the searches, why didn't you produce the relied upon
   information in the incident reports?
   Information was anonymous, the incident commander was Lieutenant Martinez.

   Why didn't you provide the date, time and place of the received information in your report?
   Based on information being anonymous date and time are not relevant.

   Since you were officially functioning as I.S.U., what were your hours of duty and R.D.O.'s on 06/14/05?
   Irrelevant.

   Being that you signatured as Reporting Staff, why didn't you disclose in the CDC 837-A1 the reason(s) for the
   searches?
   I was not the incident commander Lieutenant Martinez was.

) further questions were asked of Lieutenant Jordan.

Interviewed Correctional Sergeant S. Hatton and asked the following questions provided by Inmate KNIGHT:

: Why didn't you report your ordering the inmates in cell C5-105 to prone out, crawl out of the cell, restrain them,
  search the cell after ordering C/O Milare to open the cell C5-105?
: Not Ad/Seg, we can open cell doors.

: Why didn't you report that C/O Troncoso's assertion that I kicked something under the door of C5-105?
: I don't know who C/O Troncoso is.

: Why didn't you have C/O Milare or C/O Troncoso write reports of the incident in the dayroom during the searches
  after I was placed at the dayroom table?
: Not applicable.

) further questions were asked of Sergeant Hatton.

**Investigative Employee Statement:**

nmate KNIGHT requested all photos of weapons and narcotics and reports. All reports have been issued in the incident
ackage. The incident package describes what transpired on that day. As far as photos of weapons and narcotics that
ill be issued upon completion of I.E. report. Inmate KNIGHT also requested that inmates housed in C5-105 be
nterviewed. On 04/05/05, I attempted to interview said inmates, upon arrival to C5-105, I discovered that the inmates
ere no longer in C5-105. I was told that they had transferred. Furthermore, Inmate KNIGHT did not provide the names
r CDC numbers of said inmates.

eporting Employee requested at the hearing:  **No**
nvestigative Employee requested at the hearing:  **No**
:aff / Inmate witnesses requested at the hearing:  **No**
dditional Information in Confidential Reports:  **No**

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | C. Reyes, Correctional Officer | | |
| [ ] COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

IC 115-C (5/95)                                                    OSP 99 25082

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS
SERIOUS RULES VIOLATION REPORT

| NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| 28106 | HARVEY | CCR§ 3005(a) / 3016(c) | 06-14-05 | SVSP | S05-06-0014 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT.    ☒ YES    ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ REQUEST my hearing be postponed pending outcome of referral for prosecution. | X *Orville Harvey* | X 6-29-0 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| 8/13/05 | DA - Decline | | |
| ☐ I REVOKE my request for postponement. | | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT REQUESTED | ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|---|
| ASSIGNED | DATE | NAME OF STAFF | |
| NOT ASSIGNED | REASON | DNMc per CCR 3315 (d)(2) | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE REQUESTED | ☐ WAIVED BY INMATE | INMATE'S SIGNATURE X *Orville Harvey* | DATE X 7-29-0 |
|---|---|---|---|
| ASSIGNED | DATE | NAME OF STAFF | |
| NOT ASSIGNED | REASON | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER    ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | | | | | |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 09-14-05, I informed Inmate Harvey (H-28106), that I have been assigned as the Investigative Employee for Rules Violation Report Log #S05-06-0014, charging him with violation of CCR § 3005(a) / 3016(c), specifically: Possession Of A Deadly Weapon/Poss. Of A Controlled Substance. I advised Inmate Harvey that he would have an opportunity to present his case before a Senior Hearing Officer and that my function was to gather information, interview him, the reporting Employee, and all persons having information regarding this matter. Inmate Harvey stated that he understood my function as the Investigative Employee and expressed no objections to my assignment. As the assigned and accepted Investigative Employee for this matter, I conducted the investigation and submit the following results in the following report:

Defendant's Statement: On 09-14-05, I interviewed Inmate Harvey, regarding the circumstances surrounding the alleged violation. Inmate Harvey stated, "I deny any knowledge of any contraband being in the cell. The extractions/searches were not taped, in violation of use of force policy. Time constraints were not met. The 115 was not served within 15 days. The hearing wasn't held within 30 days since it was never sent to the DA." I/M Harvey also presented this I.E. with questions for several officers, they are as followed:

Con't Supplemental "C")

| | INVESTIGATIVE EMPLOYEE ▶ C. Reyes, Correctional Officer | 8/26/05 |
|---|---|---|

| COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ C.O. C. Reyes | TIME 1005 | DATE 6-29-05 |
|---|---|---|---|

C 115-A (7/88)                                              If additional space is required use supplemental pages                              OSP 98 8811

TE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS
ES VIOLATION REPORT - PART C                                                       PAGE _2_ OF _4_

| NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| =28106 | HARVEY | SO5-06-0014 | SVSP | 09-22-05 |

| SUPPLEMENTAL [x] | CONTINUATION OF: | [ ] 115 CIRCUMSTANCES | [ ] HEARING | [x] IE REPORT | [ ] OTHER_____ |

Martinez (09-22-05):

R.L. Martinez, why did you order these extractions/cell searches?
Searches were not cell extractions.
Knowing your officer were gonna come snatch the cell door open at 5:00 A.M. why didn't you see that the officers video taped this?
Does not require video taping.
Being aware of SVSP's history of evidence planting why weren't the searches taped?
Refer to answer above.
Why did you put in the Incident Report that you sent I.S.U. to confiscate all writing materials?
Not necessary looking for contraband.
Why haven't you gave me a receipt of the paper work I.S.U. confiscated?
Material was returned.
Why did you leave out of the Report the confiscated paper work?
Refer to answer above.

) Diaz I.S.U. (09-22-05):

When you were searching a cell on 6-14-05 did you see Gibbs with his hand inside a evidence envelope and y "There's something in there?"
No.
Did you go inside the other cell that was being searched?
No.
Did you video tape your searches?
No.
How many officers went in my cell that morning?
2
Did you pull bucket of what you thought was pruno out of a cell?
No.
Why didn't you put what you took out of my cell in your report?
I reported everything I found.

:. Hatton I.S.U. (09-22-05):

When
) When you came to the shower and told me it was in your log to hit certain cells and confiscate all writing materials you told me I was going to the hole because a knife was found why didn't you say anything about the drugs? not
) It did matter at that point.
) Why did you leave out the items I.S.U. confiscated in your report?
) I don't recall.
) Cell 105 was searched that morning, why?
) I was told by my supervisors.

n't on Supplemental 'C')

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | C. REYES, Correctional Officer | | 9 26 05 |
| [x] COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 9/26/05 | TIME SIGNED |

115-C (5/95)                                                                    OSP 99 25082

(70.)

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
                                                                     PAGE 3 OF 4
RULES VIOLATION REPORT - PART C

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-28106 | HARVEY | S05-06-0014 | SVSP | 09-22-05 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHER_____ |

/o E. Parsons I.S.U. (09-22-05):

1) Were you in cell 103 at the time Diaz allegedly found the contraband?
1) Yes.
2) How many video cameras does I.S.U. have?
2) N/A to investigation.
3) Why did you leave out your report you confiscated letters/legal work?
3) I have included the second page of my report that describes what was found.

. Pulido MTA (09-22-05):

1) When me and Knight were brought to the Holding Cages in the Medical we did not have on shirts could you see any bruises on me?
1) I don't recall.
2) When you left at 4:00 P.M. did I appear healthy?
2) I don't recall.

.. G. Jordan (09-22-05):

1) Were you I.S.U. on 6-14-05?
1) Yes.
2) My cell was just searched weeks prior, what gave you reason to believe there was contraband in there on 6-14-05?
2) Received information indicating that you were in possession of contraband.

/o L. Millare (09-22-05):

1) Cell 105 was searched that morning why?
1) I don't know.
2) Why didn't you write a report about that incident?
2) I was not involved in the incident. All I was instructed to do was open the cell doors.

**porting Employee's Statement:** On 09-22-05, I received a written statement from R.E. Diaz. Correctional Diaz stated, conducted a cell search of Knight and I/M Harvey. While in the cell I found on the top bunk under the mattress, : Inmate Manufactured Weapon sharpened to a point. On the bottom bunk on the right end top corner, I found a weapon lded in half with a sharp point. The weapon was covered with a paper sleeve. Also found on the bottom bunk inside beanie cap was two plastic bundles of black heroine tar and tobacco. I processed all evidence into evidence and e heroine was submitted to D.O.J.

porting Employee Requested at Hearing:      NO
vestigative Employee Requested at Hearing:  NO
aff Witnesses Requested at Hearing:         NO
mate Witnesses Requested at Hearing:        NO

on't on Supplemental 'C)

| SIGNATURE OF WRITER | | DATE SIGNED | |
|---|---|---|---|
| C. REYES, Correctional Officer | | 9/26/05 | |
| GIVEN BY: (Staff's Signature) | | DATE SIGNED | TIME SIGNED |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | | 9/26/05 | |

115-C (5/95)                                                      OSP 99 25082

ATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
JLES VIOLATION REPORT - PART C                                      PAGE _4_ OF _4_

| C NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|----------|---------------|------------|-------------|--------------|
| H-28106 | HARVEY | S05-06-0014 | SVSP | 09-22-05 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☒ IE REPORT ☐ OTHER_____

nvestigative Employee's statement:

nmate Harvey requested the following Evidence:

) I.S.U. Log of order to hit 103 C-6 by Lt. R.L. Martinez.
laid item cannot be provided due to Security Concerns, in addition, has no relevant information.

) Photos weapons 1 thru 10.

) Photos of bindles of heroine.
These items need not be provided. Whereas for identification purposes, the RVR/I.R. and D.O.J. Report all contain
sufficient description of the bindles. The D.O.J. notes that each bindle tested positive for heroine.

) Log of Health Annex Holding Cages and MTA Office Cages on 6-14-05.
las no relevant information.

) Salinas Valley State Prison Use of Force Policy and I.S.U. (if they have a separate policy).
laid item cannot be provided due to Security Concerns, in addition, has no relevant information.

) All Non-Confidential Evidence relied upon.
he inmate has been provided with the aforementioned information.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| C. REYES, Correctional Officer | | 9/26/05 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | 9/26/05 | |

☒ COPY OF CDC 115-C GIVEN TO INMATE

: 115-C (5/95)

OSP 99 25082
(7.3)





32

1    correct?

2            **INMATE HARVEY:**  Yes.

3            **DEPUTY COMMISSIONER ARMENTA:**  What I have done

4    I've gone over your C-File.  I've gone over the reports,

5    reports that were prepared for this hearing by

6    Correctional Counselor Jackson.  The counselor prepared

7    the report entitled Life Prisoner's Report as well as the

8    Post-Conviction Progress Report.  Again, the Post-

9    Conviction Progress Report covers from your period of

10    your last hearing to the present time.  I've also gone

11    over the psychological report prepared by Dr. George

12    dated June 2007.  At this point I can report that you

13    have your points at 152.  When you first came into the

14    prison you've had them as low as 72, and they've gone as

15    low as 62.  Now you have them back to 152 and that's --

16    that is primarily because of your 115s.  Is that correct?

17            **INMATE HARVEY:**  Yes.

18            **DEPUTY COMMISSIONER ARMENTA:**  You have -- since

19    your last hearing you have four 115s, and of the four 115

20    the last two for have been for possession of a deadly

21    weapon, the last one being on March 3, 2006.  You were

22    charged as a 115 for having possession of a deadly

23    weapon.  Then also on June 14, 2005 for Possession of a

24    Deadly Weapon.  Can you tell us what kind of weapon it

25    was?

33

1          **INMATE HARVEY:**  On what date?

2          **DEPUTY COMMISSIONER ARMENTA:**  Let's say March 3,

3     2006.

4          **INMATE HARVEY:**  It was a reissue or rehearing.  So

5     I don't know if you're saying --

6          **DEPUTY COMMISSIONER ARMENTA:**  There's some

7     pictures in here.  Did you see them?

8          **INMATE HARVEY:**  Yeah, I seen the pictures.

9          **DEPUTY COMMISSIONER ARMENTA:**  Uh-huh.

10         **INMATE HARVEY:**  And originally it was from -- you

11    talking about the one was that was originally from June

12    14, 2005 because they've been reissuing a rehearing that

13    115.

14         **DEPUTY COMMISSIONER ARMENTA:**  Well, let's look at

15    that.  March 3, 2006, it says Possession of a Deadly

16    Weapon and then of a Controlled Substance, and you were

17    found guilty.  And the -- let's see reissue -- okay,

18    reissue -- we hear roof violation.  Okay.  CDC 115 dated

19    6/14/05, violation of the California Code Possession of

20    Deadly Weapon, is herby ordered to be reissued.  So are

21    those two the same one?

22         **INMATE HARVEY:**  Yes, sir.

23         **DEPUTY COMMISSIONER ARMENTA:**  Okay.  What kind of

24    a weapon was it?

25         **INMATE HARVEY:**  From the pictures of it, it was a

34

1   metal weapon.

2        **DEPUTY COMMISSIONER ARMENTA:**  You mean like a

3   knife?

4        **INMATE HARVEY:**  Yes.

5        **DEPUTY COMMISSIONER ARMENTA:**  That's what I

6   thought.  That's what I had seen.  Yeah.  What were you

7   doing with that?

8        **INMATE HARVEY:**  I didn't have it.  I'm still

9   appealing that.

10        **DEPUTY COMMISSIONER ARMENTA:**  You didn't have it?

11   Was it in your cell or what?  Where was it?

12        **INMATE HARVEY:**  That's what they say.  They say

13   they found it in my cell.

14        **DEPUTY COMMISSIONER ARMENTA:**  And who --

15        **INMATE HARVEY:**  Under my mattress.

16        **DEPUTY COMMISSIONER ARMENTA:**  Who else shared your

17   cell?

18        **INMATE HARVEY:**  I had a cellee at the time.

19        **DEPUTY COMMISSIONER ARMENTA:**  Several others?

20   Okay.  Also since your last hearing you've received a 115

21   on 9/8/04 for Delaying Lockup and on April 6, 2004 for

22   Possession of Alcohol.  Was that pruno?

23        **INMATE HARVEY:**  Yes.

24        **DEPUTY COMMISSIONER ARMENTA:**  Was that yours?

25        **INMATE HARVEY:**  Yes.

46

1    for an admission --

2         **INMATE HARVEY:**  Yeah.

3         **PRESIDING COMMISSIONER KUBOCHI:**  -- that you're a

4    high risk.  It's important for you, in my opinion, to

5    understand the basis of it.  You understand, I think, the

6    basis of it, the psychological examinations, but the

7    issue of why.  What is the reasoning?

8         **INMATE HARVEY:**  Because I'm a like -- because of

9    my past history --

10        **PRESIDING COMMISSIONER KUBOCHI:**  Right.

11        **INMATE HARVEY:**  -- and what I've been doing in

12   prison.

13        **PRESIDING COMMISSIONER KUBOCHI:**  Right.  Exactly.

14        **INMATE HARVEY:**  The record, basically the record.

15        **PRESIDING COMMISSIONER KUBOCHI:**  Exactly.  It's --

16   he's -- he doesn't know you.  It's not personal.

17        **INMATE HARVEY:**  Exactly.

18        **PRESIDING COMMISSIONER KUBOCHI:**  Just a couple of

19   questions.  You are a young man that came into prison at

20   a very early age.

21        **INMATE HARVEY:**  Yes.

22        **PRESIDING COMMISSIONER KUBOCHI:**  My guess is, is

23   that everybody on a life term would like to have the

24   expectation of a parole date.  I think that's a fair

25   assessment on my part.  Why do you have these 115s?  Not

47

1    each one, but do you -- with -- considering you're doing

2    a life term, these 115s are real serious because they're

3    the most serious rules violation anybody can have in an

4    institution.

5        INMATE HARVEY:  I think the earlier ones was

6    basically me being in the places where I was at and

7    reacting to the situations around but not reacting to

8    them in a mature thinking way.

9        PRESIDING COMMISSIONER KUBOCHI:  Good.  I agree.

10        INMATE HARVEY:  You know, so that's why a lot of

11    violent ones from earlier, six to seven years ago, was

12    happening.  You know what I mean?

13        PRESIDING COMMISSIONER KUBOCHI:  Now would you

14    concede -- and wait for the question because none of the

15    -- nothing I ask is a trick question.  Would you concede

16    that for you to be considered for parole you got to be

17    discipline free for a long time?  Do you understand that?

18        INMATE HARVEY:  But it depends on what do you mean

19    by a long time.

20        PRESIDING COMMISSIONER KUBOCHI:  I'm just saying

21    that it can't be as recent as 2005 and 2006, whether

22    you're appealing it or not.  Do you understand that?

23        INMATE HARVEY:  That's conceivable.

24        PRESIDING COMMISSIONER KUBOCHI:  Pardon me?

25        INMATE HARVEY:  That's conceivable.

48

1          **PRESIDING COMMISSIONER KUBOCHI:**  Yeah, we're

2    talking theory.  We're not talking Quillie Harvey.  We're

3    talking about you -- your understanding of the Board of

4    Parole Hearings.

5          **INMATE HARVEY:**  Yes.  That's what I'm saying.

6    That's conceivable.

7          **PRESIDING COMMISSIONER KUBOCHI:**  Right.

8          **INMATE HARVEY:**  Because I understand that the

9    Board has to make a determination if I'm going to be a

10   threat to society.

11         **PRESIDING COMMISSIONER KUBOCHI:**  Right.

12         **INMATE HARVEY:**  And I know that if I'm still

13   messing up in here then how can you say I'm not a threat

14   to society?

15         **PRESIDING COMMISSIONER KUBOCHI:**  Good.  And the

16   reason I'm doing this, Mr. Harvey, is because you came in

17   at such an early age.

18         **INMATE HARVEY:**  And that's why you see all the

19   bumps in the road.

20         **PRESIDING COMMISSIONER KUBOCHI:**  Right.  Very

21   good.  One of the concerns I have, Mr. Harvey, is that

22   the probation report indicates that you started smoking

23   marijuana about a year before the homicide, that on the

24   day of the murder you were smoking marijuana, and that

25   you began drinking beer at the age of about 15.  And

STATE OF CALIFORNIA                                    COUNTY OF MONTEREY

I, _Quillie Harvey_____ declare under penalty of perjury that: I am
the _PlAiNtiFF_____ in the above entitled action; I have read the foregoing documents
and know the contents thereof and the same is true of my own knowledge, except as to matters
stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this _30th_ day of _JUlY_____, 20_08___, at Salinas Valley State Prison,
Soledad, CA 93960-1050.

                                    (Signature) _Quillie Harvey_____
                                                      DECLARANT/PRISONER

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PROOF OF SERVICE BY MAIL

I, _Quillie HArveY_____, am a resident of California State Prison, in the
County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a
party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, CA 93960-
1050.

On _JUlY 30_____, 20_08___, I served the foregoing: _1983 CiViL RiGHts_
_ComplAiNt._____

_____

_____

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage
thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State
Prison, Soledad, CA 93960-1050.

_OFFice OF tHe AttorNeY GeNerAl_ / _OFFice OF tHe clerK U.S. D.C_
_455 GolDeN GAte AveNUe sUite 11000_ / _NortHerN District OF CAliforNiA_
_SAN FrANcisco, CA 94102-7004_ / _450 GolDeN GAte AveNUe_
                                        / _SAN FrANcisco, CA 94102_

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular
communication by mail between the place of mailing and the place so addressed.

_____

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _7-30-_____, 2008_____          _Quillie Harvey_____
                                            DECLARANT/PRISONER

Quillie Harvey H-28106
Salinas Valley State Prison
P.O. Box 1050 C-1-108
Soledad, CA. 93960

STATE PRISON
GENERATED MAIL

RECEIVED

AUG 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Office of the Clerk U.S.D.C.
Northern District of California
450 Golden Gate Avenue
San Francisco CA. 94102



3L 7-30-0