IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUILLIE L. HARVEY, JR.,<br><br>        Plaintiff(s),<br><br>v.<br><br>M. S. EVANS, Warden,<br><br>        Defendant(s). | No. C 08-3723 CRB (PR)<br><br>ORDER OF DISMISSAL |

        Plaintiff, a prisoner at Salinas Valley State Prison ("SVSP"), has filed a pro se prisoner complaint under 42 U.S.C. § 1983 challenging a June 2005 disciplinary finding of possession of a weapon/possession of a controlled substance, which resulted in his placement in administrative segregation but for which no time credit was forfeited. Plaintiff challenged the same disciplinary finding in a prior prisoner complaint which was dismissed in relevant part on the ground that the deprivation alleged was not one of "real substance." Harvey v. Schwarzenegger, No. C 07-1244 CRB (PR), slip op. at 3 (N.D. Cal. July 21, 2008) (citing Sandin v. Conner, 515 U.S. 472, 477-87 (1995)).

        A prisoner complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915A. Cf. Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)

1  (citing Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)) (duplicative in
2  forma pauperis complaint may be considered abusive and dismissed under 28
3  U.S.C. § 1915).  Because plaintiff raised the same challenge/claim raised herein
4  in Harvey v. Schwarzenegger, No. C 07-1244 CRB (PR), the instant complaint is
5  deemed duplicative and abusive under § 1915A.  See id.

6  That plaintiff now alleges that the June 2005 disciplinary finding was used
7  to deny him parole in 2007 does not compel a different result.  Because a
8  prisoner's disciplinary record is just one of many factors used to decide whether a
9  prisoner is suitable for parole, it simply cannot be said that plaintiff's June 2005
10 disciplinary finding "will inevitably affect the duration of [his] sentence."
11 Sandin, 515 U.S. at 487.  After all, the attachments to plaintiff's complaint make
12 clear that other factors weighed against finding plaintiff suitable for parole in
13 2007, including other recent disciplinary findings.

14 The complaint is DISMISSED as duplicative, and for failure to state a
15 claim, under the authority of 28 U.S.C. § 1915A(b).  The clerk shall enter
16 judgment in accordance with this order and close the file.

17 SO ORDERED.
18 DATED:  August 20, 2008
                                    CHARLES R. BREYER
19                                  United States District Judge

G:\PRO-SE\CRB\CR.08\Harvey, Q1.dismiss.wpd

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

QUILLIE L. HARVEY,

          Plaintiff,

  v.

M.S. EVANS et al,

          Defendant.

Case Number: CV08-03723 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Quillie L. Harvey H-28106
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: August 21, 2008

          Richard W. Wieking, Clerk
          By: Barbara Espinoza, Deputy Clerk